**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MELVIN E. THOMAS, *pro se*   )
 #03584-000 / USP - Terre Haute )
           )
           )
      Plaintiff,  )
   v.        )    Civil Action No.  06-1994 (RMC)
           )
THE EXECUTIVE OFFICE OF UNITED )
 STATES ATTORNEYS    )
600 E Street, N.W. - Room 7300  )
Washington, D.C.   20530   )
           )
      Defendant. )
           )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, identified in the complaint as the Executive Office of the United States

Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), by and

through undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Civ. P. 56(c), for

summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case, as no

records have been improperly withheld from Plaintiff and Defendant is entitled to judgment as a

matter of law.  In support of this motion, Defendant files the declaration of John F. Boseker,

Attorney Advisor, FOIA/Privacy Staff, EOUSA, and accompanying index and exhibits.[1]

Defendant also submits the attached memorandum of points and authorities, statement of

material facts not in dispute, and proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the

declarations and other attachments in support of Defendant's motion will be accepted by the

---

[1]Attached as Exhibit 1.

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's materials.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir.

1992); see also Local Rule 7(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: March 26, 2007.

                                        Respectfully submitted,

                                        _/s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

                                        _/s/_____
                                        RUDOLPH CONTRERAS, DC Bar # 434122
                                        Assistant United States Attorney

                                        _/s/_____
                                        MEGAN L. ROSE, NC Bar # 28639
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 Fourth Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 514-7220

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MELVIN E. THOMAS, *pro se*          )
   #03584-000 / USP - Terre Haute          )
                                                  )
                                                  )
                       Plaintiff,          )
        v.          )          Civil Action No.  06-1994 (RMC)
                                                  )
THE EXECUTIVE OFFICE OF UNITED          )
   STATES ATTORNEYS          )
600 E Street, N.W. - Room 7300          )
Washington, D.C.   20530          )
                                                  )
                     Defendant.          )
_____)

<u>**STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE**</u>

Pursuant to LCvR 7(h), Defendant Executive Office of the United States Attorneys

("EOUSA"), a component of the United States Department of Justice ("DOJ"), respectfully

submits this statement of material facts as to which there is no genuine dispute.  The attached

declaration of John F. Boseker, Attorney Advisor, FOIA/Privacy Staff, EOUSA, supports this

statement.

      1.      On March 4, 2004,  EOUSA received a series of request letters (variously dated)

from Plaintiff Melvin Thomas.  The letters sought records pertaining to his prosecution in  *U.S. v.*

*Melvin Thomas*, *F-14491-89*, *D.C. Superior Court*.  Specifically, Mr. Thomas sought "statements

made to investigating officers or detectives" by "witnesses" in connection with the above case

and his arrest on December 27, 1989.  He identified by name three third-party individuals, but he

did not limit his request to those individuals.  In addition, Mr. Thomas sought "ballistic reports"

on his coat.  Decl. ¶ 6 and Exhibit A

      2.      By letter dated April 1, 2004,  EOUSA notified Mr. Thomas, in relevant part, that

it had received his request, assigned it FOIA No. 04-823, and that a search had commenced for records pertaining to "statements and reports" in the USAO/DC in connection with himself. Decl. ¶ 7 and Exhibit B.

3.      By letter dated April 4, 2004, Mr. Thomas advised EOUSA that he was "narrowing" his request to two named witnesses' statements on December 12, 1989 and "any other statements of witnesses" and "any report on a coat I was wearing that was taken as evidence. The coat had a bullet hole on the inside coat pocket." Decl. ¶ 8 and Exhibit C.

4.      By letter dated August 31, 2006, Mr. Thomas filed an administrative appeal with the Office of Information and Privacy (OIP) regarding the non-receipt of records. Decl. ¶ 9 and Exhibit D.

5.      On September 22, 2006, OIP received a second appeal letter from Mr. Thomas. Decl. ¶ 10 and Exhibit E.

6.      By letter dated October 4, 2006, OIP responded to Mr. Thomas' initial appeal letter and advised him that it had been received, but that because no adverse determination had been made, it could not consider an appeal. He was advised, however, that he could seek judicial review, and that the appeal letter had been forwarded to EOUSA. Decl. ¶ 11 and Exhibit F.

7.      By letter dated October 17, 2006, OIP responded to Mr. Thomas' second appeal letter and essentially restated the contents of its October 4th letter to him. Decl. ¶ 12 and Exhibit G.

8.      On November 21, 2006, Mr. Thomas filed the above-captioned complaint. Compl., Document No. 1. Specifically, the Complaint alleges that EOUSA did not respond to his request for "the prosecution witness' statements of [omitted names of third party individuals]

2

and any other statements made on the 27th of December or shortly thereafter, and in particular any reports done on a green overcoat containing a bullet hole - Case No. F14491-89." Id. at 2-3.

9.     By letter dated March 16, 2007, EOUSA notified Mr. Thomas of the disclosure determination that it had rendered on the records located by the USAO/DC and enclosed all responsive non-exempt records.  Decl. ¶ 14.  The letter notified Mr. Thomas that EOUSA had applied FOIA exemptions 5 U.S.C. §552  (b)(6), (b)(7)(C), (b)(7)(D),  and (b)(7)(F), and PA exemption 5 U.S.C. §552a(j)(2), to withhold certain material.  Id. ¶ 15 and Exhibit I.  The release of records was as follows: 0 pages released in full ("RIF"), 9 pages released in part ("RIP"), and 44 pages withheld in full ("WIF").  Id. ¶ 14 and Exhibit H.

10.     EOUSA made no referrals of records to other agencies or component, assessed no fees, and did not require Plaintiff to file an administrative appeal with OIP, given that this matter was under judicial review.  Id. ¶ 16.

## EOUSA'S SEARCH AND DISCLOSURE DETERMINATION

11.     The records requested by Plaintiff all related to the criminal case file ***U.S. v. Melvin Thomas, Criminal Case No. F-14491-89*** and are maintained in the Superior Court Division Criminal Cases (Justice/USA-013).  Any responsive records pertain to the investigation and prosecution of Mr. Thomas for assault with intent to kill another person, assault with a dangerous weapon (two counts), intent to kidnap another, carrying a concealed weapon without a license, and ultimately pleading guilty to assault to kidnap while armed.  Therefore, all of the records reviewed by EOUSA in response to Mr. Thomas' request were located in the USAO/DC Superior Court Criminal Division.  Decl. ¶18.

12.     Upon receipt of Mr. Thomas' FOIA/PA request letter(s), EOUSA forwarded the

3

request to the FOIA contact at the USAO/DC. That office was most likely to maintain records responsive to Mr. Thomas' request, which specifically identified the District of Columbia as the location of his prosecution. Thereafter, the USAO/DC FOIA contact conducted a systematic search for records. The computer case tracking systems, RCIS (D.C. Superior Court database) and CFITS (closed case files database) were employed by the FOIA contact to determine all possible locations of the requested records. The FOIA contact searched the above databases using Mr. Thomas' full name, and where available as a field, the criminal case number that he had provided (i.e., F-14491-89). After completing the computer search to determine all possible locations within the office, the FOIA contact obtained the criminal case file, and forwarded the contents to EOUSA for processing. Decl. ¶ 19.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

13.     EOUSA processed Plaintiff's request and determined that because the entire case file pertained to a criminal prosecution, it was necessarily compiled for law enforcement purposes and that the responsive records withheld were not disclosable under the PA. Accordingly, the records were then reviewed under the provisions of the FOIA. Decl. ¶ 20.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

14.     Recognizing that the U.S. Attorney's offices serve as the federal government's principal litigators under the direction of the Attorney General and that one of the U.S. Attorney's statutory responsibilities under 28 U.S.C.§547 is the prosecution of criminal cases brought by the federal government, EOUSA determined that the records sought by Mr. Thomas and found to be responsive to his request, were compiled in connection with a criminal investigation, prosecution, and ultimate conviction for a violent crime. Decl. ¶ 21.

4

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

_____15.     EOUSA determined that under Exemption (b)(7)(C), which protects the release

of records or information compiled for law enforcement purposes if such release could

reasonably be expected to constitute an unwarranted invasion of personal privacy, all information

at issue in this case was compiled for law enforcement purposes in order to prosecute Mr.

Thomas.  Decl. ¶ 22.

16.     EOUSA applied Exemption (b)(7)(C) to withhold the identities of and personally-

identifiable information about third-party individuals, the release of which could subject such

persons to an unwarranted invasion of their personal privacy.  These third parties are individuals

who furnished information to local law enforcement authorities and are merely mentioned in Mr.

Thomas' criminal file.  Release of their identifying information could result in unwanted and

even unlawful efforts to gain further access to such persons or to personal information about

them.  It could also lead to harassment, harm, or exposure to unwanted and/or derogatory

publicity and inferences arising from their connection to the case.  In short, disclosure would be

detrimental to the persons protected.  Decl. ¶ 23.

17.     In certain instances identified in the attached Index, EOUSA concluded that

information was inextricably intertwined with references to Mr. Thomas.  EOUSA was not able

to segregate such references and disclose them without creating the risk of disclosing a protected

source (including confidential) or revealing privacy-protected information of the other third party

individuals discussed within.  Decl. ¶ 24.

18.      This exemption was also applied to withhold the identities of individuals such as

local law enforcement personnel who participated in the investigation and prosecution of this

5

case or whose names appear in related documents. Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations. Decl. ¶ 25.

19.     EOUSA determined that there was no public interest in the information concerning any third party individual because its dissemination would not help to explain the activities and operations of the EOUSA. EOUSA noted that a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest. In short, EOUSA determined that no public interest would counterbalance the protected individual(s)' privacy right in the information withheld under this exemption. Decl. ¶ 26.

20.     Plaintiff provided EOUSA with no written authorization or consent to release otherwise privacy protected materials from any of the third-party individuals to whom this exemption was applied. Decl. ¶ 27.

21.     Therefore, as to that portion of Plaintiff's request in which he specifically identified particular individuals' witness statements, EOUSA categorically applied Exemption (b)(7)(C) to all such third-party individuals and materials in conjunction with Exemption (b)(6) in order to protect each from an unwarranted invasion of personal privacy. Decl. ¶ 28.

22.     Specifically, EOUSA applied this exemption to Documents 1-4 listed in the Vaughn Index as more fully discussed therein. Decl. ¶ 29.

6

## EXEMPTION 5 U.S.C. §552(b)(6)

23.    EOUSA applied Exemption (b)(6), which permits withholding personnel, medical, and similar files, which if disclosed would constitute a clearly unwarranted invasion to personal privacy and has been interpreted broadly to qualify all information pertaining to a particular individual, to certain information, such as a social security number, address, telephone number, and other highly personal material.  Decl. ¶ 30.

24.    Where EOUSA determined that names and identifying information pertaining to persons whose right to personal privacy outweighed the public's right to know, EOUSA either withheld the information in full or deleted it from the document released.  Release of this information was determined to constitute a clearly unwarranted invasion of personal privacy of other third party individuals in a manner that could subject these persons to harassment.  Decl. ¶ 31.

25.    Because no consent or authorization to release this information was provided by Mr. Thomas to EOUSA in connection with his request, EOUSA categorically applied this exemption in conjunction with Exemption (b)(7)(C) to all records requested pertaining to particular third-party individuals in order to protect their personal privacy interests.  Decl. ¶ 32.

26.    Specifically, and as discussed more fully in the attached Vaughn Index, EOUSA applied this exemption to third party individuals' medical and similar information, which was contained in Document 4.  Decl. ¶ 33.

## EXEMPTION 5 U.S.C. §552 (b)(7)(D)

27.    Under Exemption (b)(7)(D), which exempts from mandatory release information compiled for law enforcement purposes if its release "could reasonably be expected to disclose

7

the identity of a confidential source," EOUSA withheld both individual and local agency sources who furnished confidential information to the USAO in the course of the investigation and prosecution of Mr. Thomas.  Decl. ¶ 34 and attached <u>Vaughn</u> Index, Documents 2 & 4.

### As Applied to Individual Source and Information

28.    EOUSA withheld information on individual informants and the information which they provided under Exemption (b)(7)(D), which has been applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.  Decl. ¶ 35.

29.    Specifically, EOUSA noted that Plaintiff Thomas was investigated for an armed robbery during the course of which he fired numerous shots at numerous bystanders, wounding one person, and threatening to harm others.  Information within the case file explicitly indicates that the cooperating witnesses in the investigation supplied eyewitness information to law enforcement officers in connection with this investigation.  EOUSA determined that the requisite circumstances existed surrounding this violent and intimidating criminal act so as to give rise to a reasonable inference that information was provided with an assurance of confidentiality.  The nature of the crime, the individuals' relation to it, and the information itself support the application of this exemption to both the identity of and information provided by the sources.  EOUSA further noted that more than one of the sources indicated continuing fear of the perpetrator.  Therefore, EOUSA invoked Exemption (b)(7)(D) on a duplicative basis with Exemptions (b)(7)(C) and (b)(7)(F) to withhold this information.  Decl. ¶ 36.

### As Applied to Law Enforcement Source

30.    Certain material provided by local law enforcement to USAO/DC contained the

following statement: "This report is the property of the Metropolitan Police Department. Neither it or its contents may be disseminated to unauthorized personnel." EOUSA determined that this statement creates at least a reasonable understanding of implied confidentiality (if not actually expressed confidentiality) in the local law enforcement sharing of this information with the USAO for the limited use of the Thomas prosecution, and the effective retention of possession and control thereof outside of that use by the law enforcement entity. The contents of the report so marked are reflected in the other records (see Vaughn Index, Document 2) containing the same investigative information from which the report was compiled. EOUSA applied this exemption to the entirety of the document bearing this statement, as well as to those investigative materials whose contents are reflected elsewhere within the record. For these records, EOUSA invoked Exemption (b)(7)(D) on a partly duplicative basis with Exemptions (b)(7)(C) and (b)(7)(F). These records also include individual-source provided information determined to be exempt under Exemption (b)(7)(D) as discussed above. Decl. ¶ 37.

### EXEMPTION 5 U.S.C. §(b)(7)(F)

_____31.____EOUSA applied Exemption (b)(7)(F), which permits withholding records or information compiled for law enforcement purposes if the release could reasonably be expected to endanger the life or physical safety of an individual this exemption, in conjunction with Exemptions (b)(7)(C) and (b)(7)(D) to all or portions of Documents 2 and 4 as set forth in the attached Vaughn Index. One or more third-party individuals who provided information about the criminal investigation expressed fear for their safety and/or the safety of others, given the violent nature of the incident and their proximity to it. EOUSA determined that the disclosure of this information would reasonably result in the endangerment of life and physical safety of these

9

persons, especially in light of Mr. Thomas' history of committing violent acts.  Decl. ¶ 39.

## SEGREGABILITY

32.    EOUSA reviewed and evaluated each document on a line-by-line basis to

determine if any nonexempt information could be segregated and released.  The documents

withheld in their entirety contained no meaningful portions that could be released without

destroying the integrity of the document or without identifying a third party individual or

information provided with an understanding of confidentiality.  Complying with the EOUSA and

the USAO's procedures, EOUSA released all reasonably segregable non-exempt portions of

responsive records to Mr. Thomas.  Decl. ¶¶ 40, 41.


Dated: March 26, 2007                    Respectfully submitted,


                                         _/s/_____
                                         JEFFREY A. TAYLOR, D.C. Bar # 498610
                                         United States Attorney


                                         _/s/_____
                                         RUDOLPH CONTRERAS, DC Bar # 434122
                                         Assistant United States Attorney


                                         _/s/_____
                                         MEGAN L. ROSE, NC Bar # 28639
                                         Assistant United States Attorney
                                         Judiciary Center Building
                                         555 Fourth Street, N.W.
                                         Washington, D.C.  20530
                                         (202) 514-7220

10

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MELVIN E. THOMAS, *pro se*       )
   #03584-000 / USP - Terre Haute   )
                         )
                         )
                Plaintiff,   )
       v.                  )     Civil Action No.  06-1994 (RMC)
                         )
THE EXECUTIVE OFFICE OF UNITED   )
   STATES ATTORNEYS          )
600 E Street, N.W. - Room 7300     )
Washington, D.C.   20530        )
                         )
               Defendant.   )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

     Defendant Executive Office of the United States Attorneys ("EOUSA"), a component of

the United States Department of Justice ("DOJ"), through the undersigned counsel, respectfully

moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56(c).

     Plaintiff, *pro se*, brought this civil action pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA requests by EOUSA.

As demonstrated by the attached declaration of John F. Boseker, Attorney Advisor,

FOIA/Privacy Staff, EOUSA, Defendant conducted reasonable searches and properly invoked

and justified its reliance on the Privacy Act and FOIA Exemptions 6, 7(C), 7(D), and 7(F) when

it released to Plaintiff all reasonably segregable information that was not exempt from public

disclosure by law and that would not violate the personal privacy of third parties.  Thus, there are

no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.  <u>See</u>

Fed. R. Civ. P. 56(c).  For the reasons set forth below, summary judgment for Defendant should

be granted.

## BACKGROUND

Defendant adopts the above Statement of Material Facts Not In Genuine Dispute.

## STANDARD OF REVIEW

### I.     Summary Judgment (Fed.R.Civ.P. 56)

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

## II.    Summary Judgment In FOIA Cases

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).[2]  To be entitled to summary judgment, the agency must prove that each document was produced, not withheld, is unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or declarations and other evidence by the agency which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed descriptions of the documents and allege facts sufficient to establish that the documents are within the FOIA exemption category; the district court need look no further."  Citizens Commission on Human Rights v. FDA, 45 F.3d 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991).  See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  When the pleadings, supplemented by the affidavits and declarations, show no genuine issue as to any material fact and the defendant is entitled to

---

[2]  For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).

judgment as a matter of law, summary judgment should be granted to the defendant.  See Perry v.

Block, 684 F.2d 121 (D.C. Cir. 1982).

In this case, Defendant's declaration was prepared by John F. Boseker, who is familiar

with the procedures followed by the agency in responding to requests for information under the

FOIA.  See generally Decl.  Mr. Boseker is also specifically familiar with the processing of

Plaintiff's FOIA request by EOUSA.  Id.

<u>ARGUMENT</u>

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld'

(3) 'agency records.'"  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)

(quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980)); see 5

U.S.C. § 552(a)(4)(B).  In this case, Plaintiff cannot show that Defendant improperly withheld

any agency records.  See United States Dep't of Justice v. Tax Analysts, 492 U.S. at 142.

Because Defendant conducted reasonable searches and properly invoked and justified its reliance

on the Privacy Act and FOIA Exemptions 6, 7(C), 7(D), and 7(F), Defendant is entitled to

judgment as a matter of law.

**I.    Defendant Conducted An Adequate Search Under the FOIA.**

The agency's burden is to establish that it has conducted a search reasonably calculated to

uncover all responsive records.  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C.

1993).  The search standards under the FOIA do not place upon the agency a requirement that it

prove that all responsive documents have been located.  Nation Magazine v. United States

Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that "'the search need

4

only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Ogelsby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).   The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

 The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352.

Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as shown by the Declaration of John F. Boseker and the attached exhibits, Defendant met its burden to establish that the agency made a good faith effort to conduct an adequate search for the requested records. See, e.g., Decl. ¶¶ 18, 19, Exh. A-H. Under Ogelsby, Defendant reasonably searched those systems in which it believed responsive records were likely to be located. Id.; see also Ogelsby, 920 F.2d at 68. The records requested by Plaintiff are related to the criminal case file ***U.S. v. Melvin Thomas, Criminal Case No. F-14491-89***, which is maintained in the Superior Court Division Criminal Cases (Justice/USA-013). See Compl. at i; Decl. ¶ 11. Specifically, Plaintiff's Complaint alleges that he requested from EOUSA "the prosecution witness' statements of [omitted names of third party individuals] and any other statements made on the 27th of December or shortly thereafter, and in particular any reports done on a green overcoat containing a bullet hole - Case No. F14491-89." Compl. at 1.

The records requested pertain to the investigation and prosecution of Mr. Thomas for assault with intent to kill another person, assault with a dangerous weapon (two counts), intent to kidnap another, carrying a concealed weapon without a license, and ultimately pleading guilty to

assault to kidnap while armed.  Decl. ¶ 18.  Because Plaintiff's request specifically identified his

criminal prosecution in the District of Columbia, EOUSA properly determined that any

responsive records would be located in the USAO/DC Superior Court Criminal Division.  Decl.

¶¶ 18-19; see also Decl. ¶ 21 (the U.S. Attorney's offices serve as the federal government's

principal litigators under the direction of the Attorney General).  Accordingly, EOUSA

forwarded the request to the FOIA contact at the USAO/DC, the office that would maintain

records responsive to Mr. Thomas' request.  Id.

As described in the Boseker Declaration, the USAO/DC FOIA contact conducted a

systematic search for records.  Decl. ¶ 19.  The computer case tracking systems, RCIS (D.C.

Superior Court database) and CFITS (closed case files database) were employed by the FOIA

contact to determine all possible locations of the requested records.  The FOIA contact searched

the databases using Plaintiff's full name, and where available as a field, the criminal case number

that he provided (i.e., F-14491-89).  After completing the computer search to determine all

possible locations within the office, the FOIA contact obtained the criminal case file and

forwarded the contents to EOUSA for processing.  Id.  Thus, all aspects of Defendant's search

show that it acted in good faith and met its obligations under the FOIA.  Accordingly, the Court

should grant summary judgment for Defendant.

## II.     Defendant Properly Applied FOIA and PA Exemptions and Partially or Fully Withheld Certain Information.

### A.     EOUSA Properly Applied the Privacy Act, 5 U.S.C. § 552a(j)(2), and Partially or Fully Withheld Certain Information.

The Privacy Act, 5 U.S.C. §552a(j)(2), in conjunction with DOJ regulations, 28 C.F.R.

§16.81, exempt from mandatory disclosure all records maintained by an agency or component

performing as its principal function any activity pertaining to the enforcement of criminal laws. Here, the requested Superior Court Division Criminal Case Files (Justice/USA-013) are part of the DOJ Privacy Act System of Records.  See Decl. ¶ 20.  Thus, because Plaintiff's entire case file pertained to a criminal prosecution, it was necessarily compiled for law enforcement purposes.  Id.  Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA.  Id.  Accordingly, the records were then reviewed under the provisions of the FOIA.  See 5 U.S.C. § 552a(b)(2) (authorizing disclosure under the PA, if such disclosure "would be . . . required under section 552 [*i.e.,* FOIA].").

**B.     EOUSA Properly Applied FOIA Exemption (7)(C).**

In order for an agency to apply the law enforcement withholding provisions of the FOIA, first the agency must demonstrate that the documents in question meet the threshold requirement of "being compiled for law enforcement purposes" under Exemption 7.[3]  In determining the applicability of Exemption 7, courts have held that "foremost among the purposes of Exemption 7 is to protect investigatory files in order to prevent harm to the government's case in court." Putnam v. U.S. Department of Justice, 873 F.Supp. 705, 713 (D.D.C. 1995) (quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 235 (1978).  When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing Pratt v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982)).  A criminal law enforcement agency must

---

[3]  Exemption 7 has been amended twice since FOIA's enactment in 1966.  The law enforcement section of FOIA was amended in 1974 and in 1986.  During both amendment processes, Congress sought to balance the protection required of federal law enforcement files while complying with the letter and spirit of the disclosure aspects of FOIA.

simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" <u>Keys</u>, 830 F.2d at 340 (quoting <u>Pratt</u>, 673 F.2d at 421).

 In this case, as evidenced by the very nature of Plaintiff's FOIA request, the responsive information located by EOUSA is investigatory data compiled for law enforcement purposes. <u>See</u>, <u>e.g.</u>, Compl.; Boseker Decl., Exh. A, C, D. Plaintiff's complaint states that he requested information pertaining to his criminal prosecution in the Superior Court of the District of Columbia. Compl. at i. As described in the Boseker Declaration, all of the requested information was compiled for law enforcement purposes in order to prosecute Plaintiff. <u>See</u> Decl. ¶¶ 20, 22. The U.S. Attorney's offices serve as the federal government's principal litigators under the direction of the Attorney General. Decl. ¶ 21. Under 28 U.S.C. § 547, one of the U.S. Attorney's statutory responsibilities is the prosecution of criminal cases brought by the federal government. <u>Id.</u> Thus, the information over which EOUSA applied Exemption 7 in this case clearly illustrates the required nexus between the creation of the records pertaining to Plaintiff and the law enforcement duties the United States Attorney's Office has been entrusted to carry out.

 The FOIA exempts from the requirement of disclosure these "records or information compiled for law enforcement purposes" to the extent that the production of such law enforcement information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) requires the agency and the reviewing court to weigh the public interest in the release of information against the privacy interest in nondisclosure. <u>See</u> <u>United States Dep't of Justice v. Reporters Comm. for Freedom of</u>

9

the Press, 489 U.S. 749, 762 (1989).  The public interest in disclosure must be evaluated in light

of FOIA's central purpose: "to open agency action to the light of public scrutiny." Id. at 772

(quoting Dep't of Air Force v. Rose, 425 U.S. 352, 372 (1976)).  Information that does not

directly reveal the operations or activities of the government "falls outside the ambit of the public

interest that the FOIA was enacted to serve." Id. at 775.  The plaintiff bears the burden of

establishing that the "public interest in disclosure is both significant and compelling in order to

overcome legitimate privacy interests." Perrone v. FBI, 908 F. Supp. 24, 26 (D.D.C. 1995),

citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

        Significantly, it is the "interest of the general public and not that of the private litigant"

that matters.  Brown v. FBI, 658 F.2d 71, 75 (2d Cir.1981).  "[T]he only public interest relevant

for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about

what their government is up to.'" Davis v. Department of Justice, 968 F.2d 1276, 1282  (D.C.

Cir.1992) (quoting Reporters Committee, 489 U.S. at 773) (internal quotation marks omitted).

Courts have explicitly recognized that the privacy interests of third parties mentioned in law

enforcement files are  "substantial," while "[t]he public interest in disclosure [of third-party

identities] is not just less substantial, it is insubstantial." SafeCard Services, Inc. v. SEC, 926

F.2d 1197, 1205 (D.C. Cir.1991).  The Supreme Court has further found that where the privacy

concerns addressed by Exemption 7(C) are present, the exemption is broad and requires the

person requesting the information to establish a sufficient reason for the disclosure.  National

Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004).  First, the citizen must show

that the public interest sought to be advanced is a significant one, an interest more specific than

having the information for its own sake.  Second, the citizen must show the information is likely

10

to advance that interest. Otherwise, the invasion of privacy is unwarranted. Id. at 172-73.

Specifically, the names of law enforcement officers who work on criminal investigations have traditionally been protected against release by Exemption 7(C). Davis, 968 F.2d at 1281; Lesar v. U.S. Dep't of Justice, 636 F.2d 472, 487-488 (D.C. Cir. 1980). Individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, also have protected privacy interests in their anonymity. Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996); Farese v. U.S. Department of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987). As EOUSA appropriately recognized, this is particularly true where the information exists in the file of a convicted felon. See Decl. ¶¶ 23-25. The Vaughn index provided reflects clearly that Exemption 7(C) was narrowly applied in this case to protect the identities of and personal information about third party individuals and the identities and personal data of individuals such as local law enforcement personnel who participated in the investigation and prosecution of this case or whose names appear in related documents. Id.; Vaughn Index, Documents 1-4.

In this case, the release of some of the documents in Plaintiff's file could subject third party individuals to an unwarranted invasion of their personal privacy. See Decl. ¶ 23. These third parties are individuals who furnished information to local law enforcement authorities and are merely mentioned in Mr. Thomas' criminal file. Id. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected. Id. Additionally, Exemption

11

7(C) was also applied to withhold the identities of individuals, such as local law enforcement personnel who participated in the investigation and prosecution of Plaintiff's case. Decl. ¶ 25. Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations. See id.

In making the determination to withhold this information, EOUSA properly balanced the individuals' privacy interests against any discernible public interest in disclosure of the individuals' identities. See Decl. at ¶¶ 26, 28. EOUSA determined that there was no public interest in the release of the information because its dissemination would not help to explain the activities and operations of the EOUSA. Id. Furthermore, the only public interest identified in Plaintiff's Complaint is that it "will aid [him] in to disclose/corroborate fraud and perjury . . . in criminal case No F14491-89 . . ." Compl. at i; see, e.g., Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996)(a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest). In short, no public interest would counterbalance the protected individuals' privacy rights in the information withheld under this exemption. See Decl. at ¶ 26. Because Plaintiff provided EOUSA with no authorizations or consents to release this otherwise protected material, nor has he provided proof of death regarding any individual, the privacy interests of those individuals clearly outweigh any potential public interest, and disclosure in this case would be an unwarranted invasion of their personal privacy. See id. ¶ 27.

C.    **EOUSA Properly Applied FOIA Exemption 6.**

The privacy interests of third party individuals are also protected pursuant to FOIA

Exemption (b)(6), which protects "personnel and medical files and similar files the disclosure of

which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. §

552(b)(6).  The Court of Appeals has held that "similar files" includes "all information that

applies to a particular individual," Lepelletier v.  FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999), "even

if it is not embarrassing or of an intimate nature," National Association of Retired Federal

Employees v. Horner, 879 F.2d 873, 875 (D.C. Cir. 1992) ("NARFE").  The Supreme Court has

emphasized that "both the common law and the literal understanding of privacy encompass the

individual's control of information concerning his or her person."  Department of Justice v.

Reporters Comm. for Freedom of the Press, 489 U.S. at 763.

Once it has been established that the information qualifies under Exemption 6, the inquiry

then turns to whether disclosure would result in a "clearly unwarranted invasion of personal

privacy."  5 U.S.C. § 552(b)(6).  This requires a balancing of the public's interest in disclosure

against the individual's right to privacy.   See Horowitz v. Peace Corps, 428 F.3d 271, 278 (D.C.

Cir. 2005); see also Department of Air Force v. Rose, 425 U.S. 352, 372 (1976).  Of course, if no

valid public interest in release exists, the information necessarily should be protected; as this

Court has observed, "something, even a modest privacy interest, outweighs nothing every time."

National Ass'n of Retired Federal Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989)

("NARFE"); see also Horowitz, 428 F.3d at 278.

Like Exemption 7(C), under Exemption 6, the burden of establishing that disclosure

would benefit the public interest falls on the requester.  See, e.g., Favish, 541 U.S. at 172; Carter

13

v. United States Department of Commerce, 830 F.2d 388, 391 nn.8 & 13 (D.C. Cir. 1987).  Even

if a particular privacy interest is minor, the burden is on the plaintiff to establish that some public

interest in disclosure exists which can overcome any privacy interest.  Davis v. Dept. of Justice,

968 F.2d 1276, 1282 (D.C. Cir. 1992).  Similarly, "the only relevant 'public interest in

disclosure' to be weighed" in the Exemption 6 balance "is the extent to which disclosure would

serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public

understanding of the operations or activities of the government.'"  United States Dep't of

Defense v. FLRA, 510 U.S. 487, 495 (1994)(quoting United States Dep't of Justice v. Reporters

Comm. for Freedom of the Press, 489 U.S. at 775 (emphasis in original)).[4]  It does not matter

who the FOIA requester is or the purpose for which the request is made.  Bibles v. Oregon

Natural Desert Ass'n, 519 U.S. 355, 356 (1997); United States Dep't of Defense v. FLRA, 510

U.S. at 496.  The requester's "personal stake in using the requested records . . . does not count."

Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002).

    In this case, EOUSA properly determined that certain information contained in the

requested documents fell within the broad parameters of "similar files" pertaining to particular

individuals under Exemption 6.  See Dep't of State v. Ray, 502 U.S. 164, 173 (1991); Dep't of

State v. Washington Post Co., 456 U.S. 595, 601-02 (1982); Reed v. NLRB, 927 F.2d 1249,

1251 (D.C. Cir. 1991), cert. denied, 502 U.S. 1047 (1992).  Upon determining that the

---

[4] Many cases discussing public and private interests, including Reporters Comm.,
involve the application of FOIA Exemption 7(C) rather than Exemption 6.  This Court has stated
that "the difference between the standards for the two exemptions 'is of little import' except
when analyzing 'the magnitude of the public interest that is required to override the respective
privacy interests protected by the exemptions."  Horowitz, 428 F.3d at 279 n.2 (quoting
Department of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 496 n.6 (1994)).

information meets the threshold requirement of Exemption 6, EOUSA properly applied FOIA

Exemption 6 in this case in a narrow fashion, withholding third party information, such as the

individual's social security number, address, telephone number, and other highly personal

material.  See Decl. ¶ 30.  EOUSA properly determined that the release of such highly personal

information could subject the individuals and their families to harassment and would constitute

an unwarranted invasion of personal privacy.  See Decl. ¶ 31.  Because no consent or

authorization to release this information was provided by Mr. Thomas to EOUSA in connection

with his request, EOUSA categorically applied this exemption in conjunction with exemption

7(C) to all records requested pertaining to particular third party individuals.  See Decl. ¶ 32.

On balance, EOUSA correctly concluded that the substantial privacy interest which is protected

by withholding this information outweighed any minimal public interest which would be served

by its release.  See Decl. ¶¶ 30-33.  Consequently, Defendant properly applied Exemption 6, and

summary judgment for Defendant is appropriate.

### D.     EOUSA Properly Applied FOIA Exemption 7(D).

Exemption 7(D) exempts from disclosure material that could reasonably be expected to

disclose the identity of a confidential source, including a state, local, or foreign agency or

authority, or any private institution which furnished information on a confidential basis.  5 U.S.C.

§552(b)(7)(D).  Records or information compiled by a criminal law enforcement authority in the

course of a criminal investigation, or by an agency conducting a lawful national security

intelligence investigation, or information furnished by a confidential source are also exempt from

disclosure pursuant to Exemption 7(D).  This exemption recognizes that information furnished

by third parties cooperating with federal, state or local law enforcement investigations is, by its

very nature, confidential.  Thus, the statute affords protection from disclosure for all information

furnished by third-party sources, as well as the actual identity of the cooperating individual, if

there has been an explicit assurance of confidentiality, or circumstances exist from which such an

assurance could reasonably be inferred.  U.S. Dept. of Justice v. Landano, 508 U.S. 165 (1993).

The Supreme Court has acknowledged that "[t]here may . . . be . . . generic circumstances

in which an implied assurance of confidentiality fairly can be inferred."  Landano, 508 U.S. at

181. The court should take into consideration the informant's relation to the crime and the

character of the crime for which information has been provided in determining implied grants of

confidentiality.  Since Landano, courts have identified various crimes which warrant an implied

assurance of confidentiality.  See Mays v. Drug Enforcement Administration, 234 F.3d 1324

(D.C. Cir. 2000)(crime of trafficking in cocaine is inherently so dangerous that individuals

supplying information about such crimes generally should be entitled to an implied grant of

confidentiality).

Here, the accompanying declaration supports the above rationale for exempting third-

party sources' information.  See Decl. at ¶¶ 34-37.  In the present matter, both individual and

local agency sources furnished confidential information to the USAO in the course of the

investigation and prosecution of Mr. Thomas.  See Decl. ¶ 34 and Vaughn Index, Documents 2 &

4.

In particular, EOUSA applied this exemption to protect individuals who provided

information as confidential sources during a criminal investigation by withholding their identity

and the information provided.  EOUSA properly determined that the information's disclosure

could have a disastrous impact upon the ability to obtain this kind of investigative information in

the future, and would have a chilling effect upon the free-flow of information essential to pursue and resolve criminal prosecutions. In addition, release of this information would endanger individual informants, likely making them targets of harassment or other forms of reprisal. See Decl. ¶ 35. Mr. Thomas was investigated for an armed robbery during the course of which he fired numerous shots at numerous bystanders, wounding one person, and threatening to harm others. See Decl. ¶ 36. Information within the protected documents explicitly indicates that the cooperating witnesses in the investigation supplied eyewitness information to law enforcement officers in connection with this investigation with the requisite circumstances surrounding this violent and intimidating criminal act so as to give rise to a reasonable inference that information was provided with an assurance of confidentiality. Thus, the nature of the crime, the individuals' relation to it, and the information itself supported the application of Exemption 7(D) to both the identity of and information provided by the sources. In fact, more than one of these sources indicated continuing fear of the perpetrator. Id. Therefore, EOUSA properly invoked Exemption 7(D) on a duplicative basis with Exemptions (b)(7)(C) and (b)(7)(F) to withhold this information.

Additionally, EOUSA properly applied Exemption 7(D) to law enforcement sources. Certain material provided by local law enforcement to USAO/DC contains the following statement: "This report is the property of the Metropolitan Police Department. Neither it or its contents may be disseminated to unauthorized personnel." See Decl. ¶ 37. EOUSA determined that this statement creates at least a reasonable understanding of implied confidentiality (if not actually expressed confidentiality) in the local law enforcement sharing of this information with the USAO for the limited use of the Thomas prosecution, and the effective retention of possession and control thereof outside of that use by the law enforcement entity. The contents of

17

the report so marked are reflected in the other records (see Vaughn Index, Document 2)

containing the same investigative information from which the report was compiled.  EOUSA

applied this exemption to the entirety of the document bearing this statement, as well as to those

investigative materials whose contents are reflected elsewhere within the record.  For these

records, EOUSA invoked Exemption (b)(7)(D) on a partly duplicative basis with Exemptions

(b)(7)(C) and (b)(7)(F).  These records also include individual-source provided information

determined to be exempt under Exemption (b)(7)(D) as discussed above.  Decl. ¶ 37.

### E.    EOUSA Properly Applied FOIA Exemption 7(F).

Exemption 7(F) protects from disclosure information compiled for law enforcement

purposes if disclosure would reasonably be expected to endanger the life or physical safety of any

individual.  5 U.S.C. § 552(b)(7)(F).  Courts have consistently upheld the application of this

exemption to protect information identifying law enforcement officers and special agents who are

likely to be in contact with violent suspects.  See Maroscia v. Levi, 569 F.2d 1000, 1002 (7th Cir.

1977); Albuquerque Publ'g Co., 726 F. Supp. 851, 858 (D.D.C. 1989); Docal v. Bennsinger, 543

F. Supp. 38, 48 (M.D. Pa. 1981); Nunez v. DEA, 497 F. Supp. 209, 212 (S.D.N.Y. 1980).

Although this Exemption applies to information that is also subject to the protection of

Exemption 7(C), there is no balancing required with the use of Exemption 7(F) and it is difficult

to imagine any public interest that could outweigh the safety of an individual.

EOUSA properly applied this exemption, in conjunction with Exemptions 7(C) and 7(D),

to all or portions of Documents 2 and 4 as set forth in the attached Vaughn Index.  See Decl. ¶¶

38-39.  One or more third party individuals, who provided information about the criminal

investigation expressed fear for their safety and/or the safety of others, given the violent nature of

18

the incident and their proximity to it.  Decl. ¶ 39.  EOUSA properly determined that the

disclosure of the information withheld under this exemption would reasonably result in the

endangerment of life and physical safety of these persons, especially in light of Plaintiff's history

of committing violent acts.  Id.  Thus, for all of the above reasons, Defendant properly withheld

the information under Exemption 7(F).

**III.    Defendant Properly Evaluated Documents for Segregability.**

The Court of Appeals has held that a district court considering a FOIA action has "an

affirmative duty to consider the Segregability issue sua sponte."  Trans-Pacific Policing

Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  The FOIA

requires that if a record contains information that is exempt from disclosure, any "reasonably

segregable" information must be disclosed after deletion of the exempt information unless the

non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b);

Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir.

1977).

In order to demonstrate that all reasonably segregable material has been released, the

agency must provide a "detailed justification" rather than "conclusory statements".  Mead Data,

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"

that the exempt material would effectively be disclosed.  Id.  All that is required is that the

government show "with 'reasonable specificity'" why a document cannot be further segregated.

Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).

Moreover, the agency is not required to "commit significant time and resources to the separation

of disjointed words, phrases, or even sentences which taken separately or together have minimal

or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

In this case, EOUSA processed and carefully examined each page of responsive documents in order to determine whether any reasonably segregable information could be released. <u>See</u> Decl. ¶¶ 40, 41. EOUSA released in part 9 pages to Plaintiff withheld 44 pages in their entirety. <u>See</u> Decl. ¶ 14 and Exhibit H. EOUSA properly determined that the documents withheld in their entirety contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or information provided with an understanding of confidentiality. Decl. ¶ 40. In certain instances identified in the attached Vaughn Index, information pertaining to third party individuals was inextricably intertwined with references to Mr. Thomas. Decl. ¶ 24. EOUSA was not able to segregate such references and disclose information without creating the risk of disclosing a protected source (including confidential sources) or revealing privacy-protected information of the other third party individuals discussed within. <u>Id.</u> All reasonably segregable portions of responsive records were released to Plaintiff. Decl. ¶ 40. Thus, Plaintiff was provided with all information that was not exempt from public disclosure by law and that would not violate the personal privacy of third parties. No reasonably segregable non-exempt information was withheld from Plaintiff, and Defendant met its burden under the FOIA.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment for Defendant. <u>See</u> Fed. R. Civ. P. 56(c).

Dated: March 26, 2007.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> MELVIN E. THOMAS
> #03584-00
> USP - Terre Haute
> P.O. Box 12015
> Terre Haute, IN 47801

on this _ 26th _ day of March, 2007.


_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN THOMAS,                          )
                        PLAINTIFF,      )
                                        )
                                        )
            v.                          )    Civ. No. 1:06-cv-01994 (RMC)
                                        )
UNITED STATES DEPARTMENT OF             )
        JUSTICE, et al..,               )
                        DEFENDANT .     )
_____ )

## DECLARATION OF JOHN F. BOSEKER

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1)      I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  I am specifically assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2)      Due to the nature of my official duties, I am personally familiar with the FOIA/PA request (and subsequent modification) made to EOUSA by Mr. Thomas, which forms the basis for this litigation.

3)      My official duties include: having the authority to make final disclosure determinations on records requested by an individual using the FOIA/PA, to assure compliance with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4)      My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing responses made to those requests.

5)      The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## BACKGROUND

6)      On March 3, 2004, EOUSA received a series of request letters (variously dated) from Mr. Thomas. The letters sought records pertaining to his prosecution in *U.S. v. Melvin Thomas, F-14491-89, D.C. Superior Court.*  Specifically, Mr. Thomas sought "statements made to investigating officers or detectives" by "witnesses" in connection with the above case and his arrest on December 27, 1989. He specifically identified by name three third-party individuals, but he did not limit his request to those individuals. In addition, Mr. Thomas sought "ballistic reports" on his coat. The location to be searched was the U.S. Attorneys Office for the District of Columbia ("USAO/DC"). **Exhibit A attached.**

7)      By letter dated April 1, 2004, EOUSA notified Mr. Thomas, in relevant part, that it had received his request, assigned it FOIA No. 04-823, and that a search had commenced for records pertaining to "statements and reports" in the USAO/DC in connection with himself. **Exhibit B attached.**

8)      By letter dated April 4, 2004, Mr. Thomas advised EOUSA that he was "narrowing" his request to two named witnesses' statements on December 12, 1989 and "any other statements of witnesses" and "any report on a coat I was wearing that was taken as evidence. The coat had a bullet hole on the inside coat pocket." Apparently, the MPD had taken the coat on

this same date. **Exhibit C attached.**

    9)     By letter dated August 31, 2006, Mr. Thomas filed an administrative of appeal with

the Office of Information and Privacy (OIP) regarding the non-receipt of records. **Exhibit D**

**attached.**

    10)    On September 22, 2006, OIP received a second appeal letter from Mr. Thomas.

**Exhibit E attached.**

    11)    By letter dated October 4, 2006, OIP responded to Mr. Thomas' initial appeal letter

and advised him that it had been received, but that as no adverse determination had been made, it

could not consider an appeal. He was advised, however, that he could seek judicial review, and

that the appeal letter had been forwarded to EOUSA. **Exhibit F attached.**

    12)    By letter dated October 17, 2006, OIP responded to Mr. Thomas' second appeal

letter and essentially restated the contents of its October 4th letter to him. **Exhibit G attached.**

    13)    On November 21, 2006 Mr. Thomas filed the above-captioned complaint.

Reference is made to the allegation on page 2 thereof, bottom paragraph ("The Request"), which

states that his "request was for the prosecution witness' statements of [omitted names of third

party individuals] and any other statements made on the 27th of December or shortly thereafter,

and in particular any reports done on a green overcoat containing a bullet hole - Case No. F14491-

89." The records located and reviewed in connection with this request adhere to the scope of the

complaint, which is specific and does not seek all records in the afore-referenced case file.

    14)    By letter dated March 16, 2007 EOUSA notified Mr. Thomas of the disclosure

determination that it had rendered on the records located by the USAO/DC, enclosing records

therewith and withholding records therefrom as follows: 0 pages released in full ("RIF"), 9 pages

released in part ("RIP"), and 44 pages withheld in full ("WIF"). **Exhibit H attached.**

15)    This same letter notified Mr. Thomas that EOUSA had applied FOIA exemptions 5 U.S.C. §552 (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(F), and PA exemption 5 U.S.C. §552a(j)(2), to withhold the material. **Exhibit I attached.**

16)    There were no referrals of records to other agencies or components, no fees assessed, and no requirement to file an administrative appeal with OIP, given that this matter is under judicial review.

17)    The attached <u>Vaughn</u> Index describes each document withheld in whole or in part and the reasons for their withholding in more detail.

## EOUSA'S DISCLOSURE DETERMINATION

18)    All of the records reviewed by EOUSA in response to Mr. Thomas' request were located in the USAO/DC Superior Court Criminal Division.  The records are maintained in the Superior Court Division Criminal Cases (Justice/USA-013) and in the criminal case file ***U.S. v. Melvin Thomas, Criminal Case No. F-14491-89***.  Any responsive records pertain to the investigation and prosecution of Mr. Thomas for assault with intent to kill another person, assault with a dangerous weapon (two counts), intent to kidnap another, carrying a concealed weapon without a license, and ultimately pleading guilty to assault to kidnap while armed.  In the course of the robbery underlying this prosecution, Mr. Thomas fired a number of pistol shots at a number of persons, wounding one in the process and threatening others with bodily harm. Mr. Thomas had a lengthy history of prior convictions and an issue of competence to stand trial for the crimes charged.

## ADEQUACY OF THE SEARCH

19)    Upon receipt of Mr. Thomas' FOIA/PA request letter(s), EOUSA forwarded the request to the FOIA contact at the USAO/DC. That office was most likely to maintain records

responsive to Mr. Thomas' request, which specifically identified the District of Columbia as the location of his prosecution. Thereafter, the USAO/DC FOIA contact conducted a systematic search for records. The computer case tracking systems, RCIS (D.C. Superior Court database) and CFITS (closed case files database) were employed by the FOIA contact to determine all possible locations of the requested records. The FOIA contact searched the above databases using Mr. Thomas' full name, and where available as a field, the criminal case number that he had provided (i.e., F-14491-89). After completing the computer search to determine all possible locations within the office, the FOIA contact obtained the criminal case file, and forwarded the contents to EOUSA for processing.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

20)    EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by the Acts. The Superior Court Division Criminal Case Files (Justice/USA-013) are part of the DOJ Privacy Act System of Records. The Attorney General has promulagated rules exempting these records from the PA's access provisions as authorized by 5 U.S.C.§552a(j)(2), which appears at 28 CFR §16.81. Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. As the entire case file pertained to a criminal prosecution, it was necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, the records were then reviewed under the provisions of the FOIA.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

21)    The U.S. Attorneys offices serve as the federal government's principal litigators

under the direction of the Attorney General. The U.S. Attorneys have three statutory responsibilities under 28 U.S.C.§547: (1) the prosecution of criminal cases brought by the federal government; (2) the prosecution and defense of civil cases in which the U.S. is a party; and (3) the collection of debts owed the federal government which are administratively uncollectible. Specifically, in this action, the records sought by Mr. Thomas and located responsive to his request, were compiled in connection with a criminal investigation, prosecution, and ultimate conviction for the violent crime above-referenced.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

22)    Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to prosecute Mr. Thomas.

23)    This exemption was applied to withhold the identities of and personally-identifiable information about third-party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. These third parties are individuals who furnished information to local law enforcement authorities and are merely mentioned in Mr. Thomas' criminal file. Release of their identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected.

24)    In certain instances identified in the attached Index, such information was inextricably intertwined with references to Mr. Thomas. EOUSA was not able to segregate such

references and disclose them without creating the risk of disclosing a protected source (including confidential) or revealing privacy-protected information of the other third party individuals discussed within.

25)    This exemption was also applied to withhold the identities of individuals such as local law enforcement personnel who participated in the investigation and prosecution of this case or whose names appear in related documents.  Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to harassment or other harm.  These persons have protected privacy interests in the conduct of law enforcement investigations.

26)    EOUSA determined that there was no public interest in the information respecting any third party individual, if released, because its dissemination would not help to explain the activities and operations of the EOUSA.  Furthermore, a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interest.  In short, no public interest would counterbalance the protected individual(s)' privacy right in the information withheld under this exemption.

27)    In addition, Mr. Thomas provided EOUSA with no authorization or consents to release otherwise privacy protected materials from any of the third party individuals to whom this exemption was applied.

28)    Therefore, as to that portion of the request in which Mr. Thomas specifically identified particular individuals' witness statements,  EOUSA categorically applied this exemption to all such third party individuals and materials in conjunction with exemption (b)(6) to protect each from an unwarranted invasion of personal privacy.

29)    EOUSA applied this exemption more specifically to Documents 1-4 listed in the Vaughn Index as more fully discussed therein.

### EXEMPTION 5 U.S.C. §552(b)(6)

30)    Exemption (b)(6) permits withholding personnel, medical, and similar files, which if disclosed would constitute a clearly unwarranted invasion to personal privacy. This exemption has been interpreted broadly to qualify all information pertaining to a particular individual. In particular this exemption was applied to prevent disclosure of such information as social security number, address, telephone number, and other highly personal material.

31)    Where names and identifying information pertaining to persons whose right to personal privacy outweighs the public's right to know, that information was either withheld in full or deleted from the document released. Release of this information was determined to constitute a clearly unwarranted invasion of personal privacy of other third party individuals in a manner that could subject these persons to harassment.

32)    EOUSA categorically applied this exemption in conjunction with exemption (b)(7)(C) to all records requested pertaining to particular third party individuals to protect their personal privacy interests. The categorical application was appropriate because no consent or authorization to release this information was provided by Mr. Thomas to EOUSA in connection with his request.

33)    EOUSA applied this exemption to contents within Document in the Vaughn Index to protect medical and similar information contained on third party individuals therein, as more fully discussed therein.

### EXEMPTION 5 U.S.C. §552 (b)(7)(D)

34)    Exemption (b)(7)(D) exempts from mandatory release information compiled for

law enforcement purposes if its release "could reasonably be expected to disclose the identity of a confidential source." Protected sources include a state or local agency or authority or any private institution that furnished material on a confidential basis during a law enforcement inquiry. Where a record or information was compiled by a criminal law enforcement authority in the course of a criminal investigation, or by any agency conducting a lawful national security intelligence investigation and furnished by a confidential source, this exemption has been held to apply to both confidential source and information provided. In the present matter, both individual and local agency sources furnished confidential information (inferred from the circumstances) to the USAO in the course of the investigation and prosecution of Mr. Thomas. **(See <u>Vaughn</u> Index attached, Documents 2 & 4.)**

### As Applied to Individual Source and Information

35)    This exemption is particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. Disclosure could have a disastrous impact upon the ability to obtain this kind of investigative information in the future, and would have a chilling effect upon the free-flow of information essential to pursue and resolve criminal prosecutions. In addition, release of this information would endanger individual informants, likely making them targets of harassment or other forms of reprisal. To avoid consequences of this nature, and promote cooperation, individual informants and the information which they provided were withheld.

36)    Mr. Thomas was investigated for an armed robbery during the course of which he fired numerous shots at numerous bystanders, wounding one person, and threatening to harm others. Information within the protected documents explicitly indicates that the cooperating witnesses in the investigation supplied eyewitness information to law enforcement officers in

connection with this investigation with the requisite circumstances surrounding this violent and intimidating criminal act so as to give rise to an reasonable inference that information was provided with an assurance of confidentiality. Thus, the nature of the crime, the individuals' relation to it, and the information itself support the application of this exemption to both the identity of and information provided by the sources. In fact, more than one of these sources indicated continuing fear of the perpetrator. Exemption (b)(7)(D) was invoked on a duplicative basis with Exemptions (b)(7)(C) and (b)(7)(F) to withhold this information.

### As Applied to Law Enforcement Source

37)    Furthermore, certain material provided by local law enforcement to USAO/DC contains the following statement: **"This report is the property of the Metropolitan Police Department. Neither it or its contents may be disseminated to unauthorized personnel."** This statement creates at least a reasonable understanding of implied confidentiality (if not actually expressed confidentiality) in the local law enforcement sharing of this information with the USAO for the limited use of the Thomas prosecution, and the effective retention of possession and control thereof outside of that use by the law enforcement entity. The contents of the document so marked are reflected in the other records **(see, Vaughn Index, Document 2)** containing the same investigative information from which the report was compiled. EOUSA applied this exemption to the entirety of the document bearing this statement, as well as those investigative materials whose contents are reflected within the record that contains the expressed statement of confidentiality quoted above. For these records, Exemption (b)(7)(D) was invoked on a partly duplicative basis with Exemptions (b)(7)(C) and (b)(7)(F). These records also include individual-source provided information that is exempt under Exemption (b)(7)(D) as discussed above.

## EXEMPTION 5 U.S.C. §(b)(7)(F)

38)     Exemption (b)(7)(F) permits withholding records or information compiled for law enforcement purposes if the release could reasonably be expected to endanger the life or physical safety of an individual. No balancing of interests is required for application of this exemption.

39)     EOUSA applied this exemption, in conjunction with Exemptions (b)(7)(C) and (b)(7)(D) to all or portions of Documents 2 and 4 as set forth in the attached Vaughn Index. One or more third party individuals, who provided information about the criminal investigation expressed fear for their safety and/or the safety of others, given the violent nature of the incident and their proximity to it. The disclosure of the information sought to be protected by application of this exemption would reasonably result in the endangerment of life and physical safety of these persons, especially in light of Mr. Thomas' history of committing violent acts.

## SEGREGABILITY

40)     Each document was evaluated to determine if any information could be segregated and released. Each document was reviewed on a line-by-line basis to determine if any nonexempt portions could be segregated and released. The documents withheld in their entirety contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or information provided with an understanding of confidentiality. All reasonably segregable portions of responsive records have been released to Mr. Thomas.

41)     Each step in the handling of Mr. Thomas' request has been consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __March 16__, 2007.

JOHN F. BOSEKER

Attorney Advisor, EOUSA

| BOX/DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT/STATUS | JUSTIFICATION |
|---|---|---|---|---|
| | | **MELVIN THOMAS v. USDOJ**<br>**Civ. No. 1:06-cv-01994 (RMC)**<br>**FOIA No. 04-823** | | **GLOSSARY:**<br>**RIF - released in full;**<br>**RIP - released in part; segregated**<br>**WIF- withheld in full; reviewed for and not deemed segregable;**<br>**NS - reviewed for and determined not segregable either because the document and/or information is categorically exempt or because no meaningful, intelligible portion would remain after redacting exempt information.**<br>**USAO - U.S. Attorneys Office**<br>**MPD - Metropolitan Police Department** |
| 1 | 8 | MPD Crime Scene Examination Section Evidence Report/Property Record (12/27/89) | b7C,<br>j2<br>**RIP** | All pages comprising Report, Supplementals, and Property Record were released, except for names of third party individuals and names and personal identifiers of local law enforcement officials. These portions were withheld by application of Exemption (b)(7)(C) to protect each from unwarranted invasion of personal privacy. |

| 2 | 36 | MPD Report of Investigation (12/27/89) | b7D b7C b7F j2 **WIF** **NS** | Report dated 12/27/89 specifically states as follows: "**This report is the property of the Metropolitan Police Department. Neither it or its contents may be disseminated to unauthorized personnel.**" Report (and identified portions comprising report as set forth below) withheld in its entirety by application of Exemption (b)(7)(D) as given expressed understanding of confidentiality regarding use and access as between entities MPD and USAO in course of prosecution. Contents of report also contain third party individual names and means of identifying one or more persons from information contained therein, names of law enforcement officers, all withheld by application of Exemption (b)(7)(C) to protect each from unwarranted invasion of personal privacy. In addition, information provided by one or more eyewitnesses to perpetration of violent acts, given inference of confidentiality from circumstances surrounding obtaining of information, so as to support application of Exemption (b)(7)(D) thereto. Finally, circumstances of fear expressly set forth within certain documents warrants additional protection for one or more third party individuals by application of Exemption (b)(7)(F) to protect from reasonable fear of harm thereto. None of these documents is properly segregable under the exemptions applied thereto.<br><br>Document 2 composition includes the following: "Report of Investigation" (4 pages containing expressed language of confidentiality; "Prosecution Report" (2 pages, information same as Report, inference); "Supplement Report" (1 page, inference,); "Event Report" (4 pages, inference, same information); MPD officers' handwritten investigatory notes/witness statements (22 pages, inference, information from which "Report" created); "Event Report" (3 pages, inference, phase of investigation, w/officer notes & 911 call); "Prosecution Report" (2 pages, inference) re: third party individual principally withheld by b7C but containing same information as Report above so as to give rise to b7D as well. |

| 3 | 1 | Voluntary Statement Form (Store) (12/27/89) | b7C j2 **RIP** | Page released, except for name and identifier of third party individual withheld by application of Exemption (b)(7)(C) to protect from unwarranted invasion of personal privacy. |
|---|---|---|---|---|
| 4 | 8 | Victim Impact Statements | b7D b7C b7F j2 **WIF NS** | Statements provided by third party individuals and eyewitnesses to shootings by Mr. Thomas, and all withheld by application of Exemption (b)(7)(C) and (b)(6) to protect each individual from unwarranted invasion of personal privacy. Statements contain extremely personal information, including medical information. Also references to other third party individuals and law enforcement officers. In addition, all material withheld by application of Exemption (b)(7)(D) as inference of confidentiality derived from violent nature of crime and type of personal information contained within statements. Finally, Exemption (b)(7)(F) applied to protect individuals expressing reasonable fear of harm from Mr. Thomas as consequence of violent actions. While Mr. Thomas is referenced throughout, this material is inextricably intertwined with third party individual information, and is not reasonably segregable therefrom without risk of disclosing protected information. |

AGENCIES:

[ ] United States Parole Commission
[X] Federal Bureau of Investigation  FBI# 2058
[ ] Immigration & Naturalization service
[ ] Internal Revenue Service
[ ] United States Attorney
[ ] Treasury Department
[ ] Bureau of Prisons
[ ] State Agency
[X] Other: 2nd District MPD
      3320 Idaho Ave. N.W

*Ballistic report*
*Coat/other*

*Statements of Terry Viands and Paige Field* → [X]

DIRECTED RESPONSE TO:

Name: MELVIN Thomas
Reg. No: 03584-000
USP Pollock - P.O. Box 2099
Unit: Pollock, LA. 71467
Date: 2-4-04

TO:
Department of Justice
555 Fourth ST. N.W.
Washington, D.C. 20001

IDENTIFICATION OF REQUESTER:
NAME: Melvin Ernest Thomas
ALIAS:
DATE OF BIRTH: 12-11-61
PLACE OF BIRTH: Wash. D.C.
F.B.I. No. 467100 W1
SOC. SEC. No. 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
Other: Cr. Case # F14491-89

RE: FREEDOM OF INFORMATION ACT
(5 U.S.C. §552), PRIVACY ACT
(5 U.S.C. §552a (d)(1)) Request:
EXEMPTIONS (5 U.S.C. §552 (6)(C)
(B)(7), GENERAL (U.S.C. §552 A
(J)(2) OR SPECIFIC (U.S.C. §552a
(K)(2) NOT APPLICABLE TO THIS
REQUEST.
( United STaTes vs. Melvin E. Thomas)

Right Thumb    Right Index

 

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C. 552a (d)(1), and the applicable Federal Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and/or data contained in the files of your agency, and specifically under my name and/or an identifier assigned to my name. This request is sought specifically for amendment, deletion and/or expungment (5 U.S.C. §552a (d)(2)(a) of records maintained by your Agency. The records sought but not limited to , is the compiled file containing (1) arrest records, (2) investigation and/or investigatory reports, (3) reports or evidentiary and/or scientific information findings, (4) initial reports given by Terry Viands, (5) final and closing investigation reports: and (6) any and/or all information, data, or reports not otherwise exempt by statute (5 U.S.C. §552 (c)(b) (7), (5 U.S.C. §552a (J)(2), (k)92), or law, Tarlton vs. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard vs. Saxbe, 498 F2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan vs. Murphy, 478 F.2d. 938, 156 U.S. App. D.C. 28 (1973). Your Agency is hereby advise that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to



the specific citation of Authority, <u>Paton vs. La Prade</u>, 524 F.2d 862, 868-869. (CA# 1975).

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, th  specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. §552a (d)(1), <u>Paton v. La Parde</u>, 524 F. 2d 862 (CA3 1975), <u>Tarlton v. Saxbe</u>, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974, of Linda R.S. vs. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. §552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. §701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. §552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by Statute (5 U.S.C. (6)(c)(b)(7), 552a (j)(2), (k)(2) or by regulation of <u>Menard vs. Mitchell</u>, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), <u>Nemetz vs. Department of Treasury</u>, 446 F.Supp 102. I request a Specific citation to authority for such deletion. If it should be determine that material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. <u>Paton vs. La Parde</u>, 524 F.2d 862 (CA3 1975), <u>Chastain vs. Kelly</u>, 510 F.2d 1232. I further agree to pay any reasonable cost, on file **IN FORMA PAUPERIS** if I am indigent, provided by statute or regulation of your agency, for search and copying of the material REQUESTED.

Pursuant to Title 5 U.S.C. §552 (6)(1)(1), it is noted that your Agency has ten **(10)** working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

Dated: February 4, 02

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. 4004).

**AGENCIES:**

| | United States Parole Commission |
| | Federal Bureau of Investigation |
| | Immigration · Naturalization service |
| | Internal Revenue Service |
| X | United State Attorney |
| | Treasury Depertment |
| | Bureau of Prisons |
| | State Agency |
| X | Other: Public Defender Service
AT Torney William Dansie
630 Indiana Ave. N.W. Wash. D.C.
20001

TO: Department of Justice
555 Fourth St. N.W.
Washington, D.C.
20001

**DIRECTED RESPONSE TO:**

Name: Melvin E. Thomas

Reg. No: 03584-000
USP Pollock P.O. Box 2099
Pollock, La.
71467

Date: 2-4-04

**IDENTIFICATION OF REQUESTER:**
NAME: Melvin Ernest Thomas
ALIAS:
DATE OF BIRTH: 12-11-61
PLACE OF BIRTH: Wash. D.C.
F.B.I. No. 467100W1
SOC. SEC. No. 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
Other: Crim Case # F14491-89

RE: FREEDOM OF INFORMATION ACT
(5 U.S.C. §552), PRIVACY ACT
(5 U.S.C. §552a (d)(1)) Request:
EXEMPTIONS (5 U.S.C. § 552 (6)(C)
(B)(7), GENERAL (U.S.C. § 552 A
(J)(2) OR SPECIFIC (U.S.C. §552a
.(K)(2) NOT APPLICABLE TO THIS
REQUEST.
(United States vs. Melvin E Thomas)

Right Thumb     Right Index



RT         RI

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the
Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C.
552a (d)(1), and the applicable Federal Statutes governing Freedom of
Information Requests if state agency request, for full disclosure and
release of all records and/or data contained in the files of your
agency, and specifically under my name and/or an identifier assigned to
my name. This request is sought specifically for amendment, deletion
and/or expungment (5 U.S.C. §552a (d)(2)(a) of records maintained by
your Agency. The records sought but not limited to , is the compiled
file containing (1) arrest records, (2) investigation and/or
investigatory reports, (3) reports or evidentiary and/or scientific
information findings, (4) initial reports given by Terry Viands, (5) final
and closing investigation reports: and (6) any and/or all information,
data, or reports not otherwise exempt by statute (5 U.S.C. § 552 (c)(b)
(7), (5 U.S.C. §552a (J)(2), (k)92), or law, **Tarlton vs. Saxbe**, 507
F.2d. 1116, 165 U.S. App. D.C. 293 (1974), **Menard vs. Saxbe**, 498 F2d.
1017, 162 U.S. App. D.C. 284 (1974), **Sullivan vs. Murphy**, 478 F.2d. 938,
156 U.S. App. D.C. 28 (1973). Your Agency is hereby advise that the
investigation reports in toto are no longer accorded exempt status
unless under the specific exemption noted, and only with reference to

the specific citation of Authority, **Paton vs. La Prade**, 524 F.2d 862, 868-869. (CA# 1975).

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. §552a (d)(1), **Paton v. La Parde**, 524 F.2d 862 (CA3 1975), **Tarlton v. Saxbe**, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974, of Linda R.S. vs. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. §552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. §701 et. seq.)..

This request is made under the Freedom of Information Act (5 U.S.C. §552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by Statute (5 U.S.C. (6)(c)(b)(7), 552a (j)(2), (k)(2) or by regulation of **Menard vs. Mitchell**, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), **Nemetz vs. Department of Treasury**, 446 F.Supp 102. I request a Specific citation to authority for such deletion. If it should be determine that material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. **Paton vs. La Parde**, 524 F.2d 862 (CA3 1975), **Chastain vs. Kelly**, 510 F.2d 1232. I further agree to pay any reasonable cost, on file **IN FORMA PAUPERIS** if I am indigent, provided by statute or regulation of your agency, for search and copying of the material REQUESTED.

Pursuant to Title 5 U.S.C. §552 (6)(1)(1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

_(signature)_

Dated: _February 4, 04_

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. 4004).

_(signature)_

Name : MELVIN E THOMAS

Reg. # 03584-000

Address : USP Pollock

P.O. Box 2099

City/State : Pollock, LA. 71467

Your Attorney : William Dansie

Attorney At Law 202-783-1597

Address : 630 Indiana Ave. N.W.

City/State : Wash. D.C.

**CERTIFIED    ARTICLE**

_____

RE : USA v. MELVIN E THOMAS

█████. Case # F14491-89

Case # _____

Sir :

    I would like to obtain from you the entirety of the case file you developed in representing me in the above mentioned case. I am going forward with a motion under 28 USC § 2255 and would like to have that file as an initial starting point in seeking relief as I am sure you have information pertaining to the case which would be otherwise unavailable to me within the time frame allotted for filing.

    As you know, access to client files in the absence of litigation between the attorney and client appears to be controlled by RESOLUTION TRUST CORP. VH -, P.C., 128 FRD 647 (ND TX 1989). This opinion held that an attorney owes a fiduciary duty to the client and therefore cannot conceal documents from the client.

Thank You,

_____

Your Signature & Date

Authorized by the Act of July 7, 1955, as amended,
to administer oaths (18 U.S.C. 4004).

Bruce Piper, CSW 2-5-4

( c.c.
Chief Judge ) and us. Dept. of Justice )
Rufus B. King )

ATTachment
for (#1)

# FREEDOM OF INFORMATION ACT REQUEST

Date:

Name of Agency: US Dept, of Justice

Address: 555 fourth ST, N.W.

City/State/Zip: Washington, D.C. 20001

Dear Sir or Madam: Blaine A Workie, Special Ass, US ATTorney

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a). Request information in the Case of United States vs MELVIN Thomas #F14491-89.
I am writing to request a copy of the following information: Arrested 12-27-89. Statements made to investigating officers or Detectives at 2nd District MPD 3320 Idaho Ave NW by witnesses: Terry Viands / Craige field / mes. field / any other statement made. Officers or Detectives reports on the condition of the coat worn by MELVIN Thomas.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonabl segregate. I, of course, reserve my right to appeal the withholding of deletion of any information

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten workir days.

INformation Needed
Explained further for
Purposes of ATTachment to FOIA-PA
Request (#1)

Statements Made by:

1) Terry Viands on 12-27-89, and after.
2) Craige field on 12-27-89, and after.
3) Ms. field on 12-27-89, and after.
4) any other Statements Made
5) Ballistic reports on Thomas' Coat
6) Report on the Condition of the Coat

Sincerely Requested,

Melvin Thomas
(Name)

# 03584-000         C-2
ID Number          (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

FRE Dom OF Information
Privacy Act (1974)

U.S. DEPT. of JUSTICE

[ Title 5 USC 552 a 36

[ Title 18 USC 4208

Dear U.S. Attorney,

I am Requesting the statements made by Mr. Terry Viands and Mr. Craig Feild to Metropolitan Police at 2nd District - 3320 Idaho Avenue N.W. on or after December 27, 1989 in reference to the arrest of Melvin Ernest Thomas. Also any other statement given by potential witnesses, and the police report.

The Superior Court Jacket number is F14491-89

Date: Jan. 14-04

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. 4004).

1-14-04

Thank you for your Help
Melvin Thomas

NAME: MELVIN ERNEST THOMAS
SS# : 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
DOB : 12-11-61
Address : P.O. Box 2099
USP Pollock, LA.
71467
Place of Birth: Washington, D.C
BOP # : 03584-000

**AGENCIES:**

Ballistics →
report of Coat

[ ] United States Parole Commission
[X] Federal Bureau of Investigation
[ ] Immigration & Naturalization service
[ ] Internal Revenue Service
[X] United States Attorney
[ ] Treasury Department
[ ] Bureau of Prisons
[ ] State Agency     Superior Court Case
[ ] Other:    Crim. # F14491-89
                    F14492-89

**DIRECTED RESPONSE TO:**

Name: MENIN Ernest Thomas

Reg. No: 03584-000

Unit: USP Pollock, Box 2099
Pollock, LA. 71467

Date: 3-5-04

TO: Executive office for U.S.
ATTorneys - Freedom of Information/Privacy
Act Unit
600 E. ST. N.W. Room 7300
Wash. D.C.
            20530

**IDENTIFICATION OF REQUESTER:**
NAME: MENIN Ernest Thomas
ALIAS:
DATE OF BIRTH: 12-11-61
PLACE OF BIRTH: Wash. D.C.
F.B.I. No. 467100W1
SOC. SEC. No. 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
Other: Fed. Reg # 03584-000

RE:    **FREEDOM OF INFORMATION ACT
(5 U.S.C. §552), PRIVACY ACT
(5 U.S.C. §552a (d)(I)) Request:
EXEMPTIONS (5 U.S.C. §552 6)(C)
(B)(7), GENERAL (U.S.C. §552 A
(J)(2) OR SPECIFIC (U.S.C. §552a
(K)(2) NOT APPLICABLE TO THIS
REQUEST.**

Right Thumb        Right Index

        

RT                    RI

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the
Freedom of Information Act (5 U.S.C. §552) and the Privacy Act (5 U.S.C.
552a (d)(1), and the applicable Federal Statutes governing Freedom of
Information Requests if state agency request, for full disclosure and
release of all records and/or data contained in the files of your
agency, and specifically under my name and/or an identifier assigned to
my name.  This request is sought specifically for amendment, deletion
and/or expungment (5 U.S.C. §552a (d)(2)(a) of records maintained by
your Agency.  The records sought but not limited to , is the compiled
file containing (1) arrest records, (2) investigation and/or
investigatory reports, (3) reports or evidentiary and/or scientific
information findings, (4) initial reports/ statements given by Terry Viand , (5) final
and closing investigation reports: and (6) any and/or all information,
data, or reports not otherwise exempt by statute (5 U.S.C. §552 (c)(b)
(7), (5 U.S.C. §552a (J)(2), (k)92), or law, **Tarlton vs. Saxbe**, 507
F.2d. 1116, 165 U.S. App. D.C. 293 (1974), **Menard vs. Saxbe**, 498 F2d.
1017, 162 U.S. App. D.C. 284 (1974), **Sullivan vs. Murphy**, 478 F.2d. 938,
156 U.S. App. D.C. 28 (1973).  Your Agency is hereby advise that the
investigation reports in <u>toto</u> are no longer accorded exempt status
unless under the specific exemption noted, and only with reference to

the specific citation of Authority, **Paton vs. La Prade**, 524 F.2d 862, 868-869, (CA# 1975).

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and/or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. §552a (d)(1), **Paton v. La Parde**, 524 F. 2d 862 (CA3 1975), **Tarlton v. Saxbe**, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974, of Linda R.S. vs. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. §552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. §701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. §552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by Statute (5 U.S.C. (6)(c)(b)(7), 552a (j)(2), (k)(2) or by regulation of **Menard vs. Mitchell**, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), **Nemetz vs. Department of Treasury**, 446 F.Supp 102. I request a Specific citation to authority for such deletion. If it should be determine that material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. **Paton vs. La Parde**, 524 F.2d 862 (CA3 1975), **Chastain vs. Kelly**, 510 F.2d 1232. I further agree to pay any reasonable cost, on file **IN FORMA PAUPERIS** if I am indigent, provided by statute or regulation of your agency, for search and copying of the material REQUESTED.

Pursuant to Title 5 U.S.C. §552 (6)(1)(1), it is noted that your Agency has ten **(10)** working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

Melvin E. Thomis

Dated: March 5, 04



**U.S. Department f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-823

APR - 1 2004

Subject: SELF (STATEMENTS & REPORTS)/DDC

Requester: MELVIN ERNEST THOMAS

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

**FILE**

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

EDUSA/FOI
04 APR 14

MELVIN ERNEST Thomas
Request NO. 04-823
010/DDC
SP

Dear Ms Marie O'Rourke,

I have recieved your letter of 4-1-04. AT This time
I would Narrow My request to the following:
[ I also request a "fee" waiver or fee reduction ]

1)    STaTements of :
        Terry Vicards   / Made on ( 12-27-89 )
        Craige field / Made on ( 12-27-89 )
                To METropolitan Police DepT. [ Second
        District ] 3320 Idaho Ave. N. W.
        Any other statements of witness'

2)    Any Report on a Coat I was wearing
        That was taken as Evidence. The Coat
        had a bullet hole on the inside Coat pocket.
Second District MPD took the Coat on 12-27-89

3)  The prosecutor's file in #F14491-89
        Witness STaTements / Report Concerning the CoaT.

                        Thank you kindly
                        Sincerely yours
                        Melvin Thomas

Date - 4-4-04

                MELVIN E THomas  #03584-000
                USP Pollock / P.O. Box 2099
                Pollock, LA. 71467

9/8/06

06-3072



AUGUST 31, 2006

From: Melvin E. Thomas
#03584-000
USP Allenwood
P.O. Box 3000
White Deer, PA.
17887

OFFICE OF INFORMATION
AND PRIVACY

SEP 08 2006

**RECEIVED**

## RE: FREEDOM OF INFORMATION ACT APPEAL FROM #04-823

Dear Mr. Richard L. Huff,

I filed an appeal with ypur office about 2-weeks ago and as of yet,
I have not recieved your responce. The appeal is in referance to a
FOIA/PA request that I made with the office of Executive United States
Attorneys in which I never recieved a responce nor the requested
materials. The request was for the following:

     1) The entire prosecution file in case # F14491-89

     2) Statement of Terry Viands: Craig Field, Ms. Field,and
any other wittness.

     3) All police reports; and a specific report on the green
over coat that contained a bullet hole inside the coats pocket.

Because this material was denied me without a responce or reason why
I filed an appeal with your office after waiting almost 3 years. Bec
Because of the serious nature of the circumstance, I need to know if
you have recieved my appeal, because a wait of over 2 years is as
long a wait necessary and I believe that this has interfered with my
rights to access to the courts in accordance with 5 USC § 552(a)(4)(B).

GOVERNMENT EXHIBIT

Please let me Know soon if you have recieved my appeal, and if not, then this letter will be a direct appeal to you sir. I Have obtained some material from a private investgater which can help to show the court that the government is withholding evidence from me. Inclosed is a copy of the repsonce from BGUSA.


Thank You In Advance

Melvin Thomas

B.C.

04-823    [ APEAL FOI A F.A.
                    REQUEST ]

(F)
EOUSA
(But F
for 2
yrs.)

OFFICE OF INFORMATION
AND PRIVACY

Be: Melvin E. Thomas [ Request # 04-823 ].

SEP 22 2006

06-3190    Still Pending
#04-823

RECEIVED

This is my APPEAL from the in-action;
no-action concerning the above request
to the Executive Office of United State
ATTorney's at 600 "E" STreet NW
Room 7300 Wash. D.C. 20530.

The request has not been annused
an the requested request for the records
were not released. It has been over (2)years.

The request concerns any an all of the 1) Prosecution Case files
in Case # F14491-89 - Superior Court
Case- 2) A Vaugn Index - STaTement
of Craig Field: Mrs Field: Terry
Viand's: And any other wittness
that gave a stratement either to
Second District Police Officer's, or,
the Prosecution - Reason for APPEAL-:

The Executive office for U.S. ATTorneys
has failed to Comply with My request and
it has been over two years since
I have heard from there office. I
take there inaction as a refusal to

GOVERNMENT
EXHIBIT

#2

to also give me the Requested Grand
Jury Minutes - Certain testimony I
outlined for the Conviance which is
testimony made before the Grand Jury
from Terry Vianes - Craig field - Mrs
field - D.D. Goodridge - off. Sullivan
i.e. any other wittness including a
Vaughn Index for this.

Because I have heard nothing in the
face of over a "two year" or more wait,
I bring this appeal. So, if necessary
I can challenge the refusal to comply
with the terms of this request in
the US District Court under: 5 USC §
552 (a)(4)(B)                    Thank you.

[ Identification Info. ]

name    MELVIN Ernest Thomas        # 03584-000
DOB     12-11-61                    PDID# 303-759
SSI#    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
Birth Place Wash. D.C.
nper. CT.# F14491-89

US ATT. Hiedi Pasachon
Prosecuted this Case

**U.S. Departmt.  of Justice**

Office of Information and Privacy

RECEIVED

2006 OCT -5 PM 2:26

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

*Telephone: (202) 514-3642*         *Washington, D.C. 20530*

**OCT - 4 2006**

Mr. Melvin E. Thomas
Register No. 03584-000
United States Penitentiary          Re:    Appeal No. 06-3072
Post Office Box 3000                        Request No. 04-823   010   DDC
White Deer, PA 17887                        JTR:CIH

Dear Mr. Thomas:

You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to records pertaining to a prosecution file (Case No. F14491-89), witness statements, and "[a]ll police reports," including a specific report related to a green over coat with a bullet hole.

Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2006). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

I have forwarded your letter to EOUSA. You may also wish to contact it directly and inquire about the status of your request. You may appeal any future adverse determination made by EOUSA.

Sincerely,

Daniel J. Metcalfe
Director



EOUSA

**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2006 OCT 18 PM 2: 30

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**OCT 17 2006**

Mr. Melvin E. Thomas
Register No. 03584-000
United States Penitentiary         Re:    Appeal No. 06-3192
Post Office Box 3000                      Request No. 04-823  *010/DDC*
White Deer, PA  17887                     JTR:CIH

Dear Mr. Thomas:

     You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to records.

     Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. <u>See</u> 28 C.F.R. § 16.9 (2006). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review, rather than an administrative appeal, when an agency has failed to respond to a request within the statutory time limits. <u>See</u> 5 U.S.C. § 552(a)(6)(C)(i).

     I have forwarded your letter to EOUSA. You may also wish to contact it directly and inquire about the status of your request. You may appeal any future adverse determination made by EOUSA.

                Sincerely,

                Daniel J. Metcalfe
                 Director







U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

**MAR 16 2007**

Requester:_Melvin Earnest Thomas_____    Request Number:__04-823_____

Subject of Request:__Self/Specific Records (witness statements/coat reports) Cr.No. F-14491-89____
    U.S. District Court, Superior Court, District of Columbia

Dear Mr. Thomas:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x ] partial [    ] full denial.

Enclosed please find:

____0____ page(s) are being released in full (RIF);
____9____ page(s) are being released in part (RIP);
____44____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(4) | [  ] (b)(7)(B) | [ x ] (j)(2) |
| [  ] (b)(2) | [  ] (b)(5) | [ x ] (b)(7)(C) | [  ] (k)(2) |
| [  ] (b)(3) | [ x ] (b)(6) | [ x ] (b)(7)(D) | [  ] (k)(5) |
| _____ | [  ] (b)(7)(A) | [  ] (b)(7)(E) | [  ] _____ |
| _____ | | [ x ] (b)(7)(F) | |

[    ] In addition, this office is withholding grand jury material which is retained in the District.



(Page 1 of 2)
Form No. 021- no fee - 1/06

[  ]   A review of the material revealed:

[  ]   _____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:_____

[ x ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees. In addition, please note that there are other records in your file than those specifically requested, which may also be requested in this same manner.

[  ]   See additional information attached.

This is the final action this office will take concerning your request.

As you have initiated judicial review by filing a complaint in the United States District Court, *Melvin Thomas v. U.S. Dept of Justice, Civ. No. 1:06-cv-01994(RMC)* you are not required to file an administrative appeal of this determination.

Sincerely,

William G. Stewart II
Assistant Director


Enclosure(s)

Form No. 021 - no fee -1/06

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MELVIN E. THOMAS, *pro se*       )
  #03584-000 / USP - Terre Haute  )
                                    )
                                    )
                    Plaintiff,  )
      v.                       )     Civil Action No.  06-1994 (RMC)
                                    )
THE EXECUTIVE OFFICE OF UNITED  )
  STATES ATTORNEYS          )
600 E Street, N.W. - Room 7300     )
Washington, D.C.   20530         )
                                    )
                    Defendant.  )
_____)

**<u>ORDER</u>**

      This matter having come before the Court on Defendant's, Executive Office of the United

States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"),

Motion For Summary Judgment, the memoranda in support and opposition, and the entire record

in this case, it is this _____ day of _____ hereby

      ORDERED that Defendant's Motion For Summary Judgment is hereby GRANTED; and

it is

      FURTHER ORDERED that plaintiff's claims are hereby DISMISSED in their entirety,

with prejudice.


                     _____
                     Rosemary M. Collyer
                     United States District Judge