UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN E. THOMAS,                           CIVIL NO.0:6-cv-1994
                                                      (RMC)
vs.

UNITED STATES
DEP'T OF JUSTICE, et al.

**RECEIVED**
APR 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF MOTION FOR DISCOVERY AND OR OTHER FACT
DEVELOPEMENT PROCEEDURES

NOW COMES MELVIN E. THOMAS, plaintff in the above captioned matter to respectfully request this Court order discovery or any other fact developement proceedures the Court would deem appropriate in this matter because there are material matters in dispute. See Plaintiff 107 and 108 (H) statement of Material Facts in Dispute. Plaintiff supports his request with some evidence to support his request for discovery. See Clemens v. Bowersox, NO. 4:97-cv-2344(E.D.MO. AUG. 10,1988) There for, plaintiffs motion should be granted and DEfendandants motion for Summary Judgement should be denied. The accompaning Memorandum in Support of Discovery outlines plaintiffs request in further detail. Please see attached Memorandum, This discovery request is in the interest of justice and would benifit the Court and all parties concerned. The Vaughn Index was inadequate, and did not mention plaintiffs coat which contained a bullet hole in the pocket. Discovery is critical to the developement of plaintiffs factual-claims, or in camera review. Also, plaintiff request that amicus cure be appointed.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN E. THOMAS | * | CIVIL NO:1:06-CV-1994 |
| v. | * | [ RMC ] |
|  | * | OPPOSITION TO - SUMMARY |
| UNITED STATES DEP'T | * | JUDGEMENT MEMORANDUM |
| OF JUSTICE, et al. |  | DISCOVERY REQUEST |
|  | * |  |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF REQUEST
FOR DISCOVERY AND OTHER FACT-DEVELOPMENT PROCEDURES
AND IN OPPOSITION TO SUMMARY JUDGEMENT OR DISMISSAL

Now comes Melvin E. Thomas, respectfully and to motion for discovery an or other fact-development proceedures such as appointment of amicus curia or that the Court hold and In Camera review of the documents at issue. Plaintiff is seeking to prove that he is incarcerated in total violation of the United States Constitution because the government allowed a Detective and others to use perjury and fraud on the court in order to obtain the indictment causing the conviction of plaintiff, an actually innocent person. The fact developement proceedures requested may be the only available means left to prove these allegations because of the defendants have refused to release the requested documents for the last (3) years, and have concealed the facts for the last (18) years even during all relevant post-conviction proceding's and appeals. The defendants are refusing plaintiff's FOIA request in "bad faith" because it has prior knowledge of the cover up and willingly participated in the fraud and perjury on the court. This is why the defendants have constantly refused the FOIA request. There is no exemption to bar the release of the reports and photo of plaintiff coat he had on when arrested. See **FSN B22-829 1 roll kodak GA 120 film Item # (7) Plaintiff's Trench Coat-12/27/89.**

green in color. Bran name "The Ranch Coat", size extra large. Recovered from the 1300 blk of Potomac Ave. N.W. Because defendants have denied the records requested in the absence of "good faith", plaintiff request discovery and that this Court appoint an amicus curia to intervene-report all the records withheld and the reasons for exemption. See Vaughn v. Rosen, 484 F2d at 827. accord King v. United States Dep't of Justice, 830 F2d at 217. This request is for an itemized Vaughn Index, correlating each withheld document (or portion) with specific FOIA exemptions and relevant part of the agencys nondisclosure justification. Plaintiff acknowledges that discovery is greatly restricted in FOIA actions. Williams v. FBI, NO.90-2299, slip op. at 8(D.D.C. Aug.6,1991); Weisberg v. U.S. Dep't Of Justice, 627 F2d 365,371(D.C.Cir.1980) (Discovery appropriate to inquire into the adequacy of the document search) In Washington Post v. U.S. Dep't of JUstice, NO. 84-3581 slip op. a 1-2(D.D.C. Aug. 2, 1990) The Court permitted discovery in an exemption 7(B) case, on issue whether it is more probable than not that disclosure would interfere with fairness of pending or "imminent trial". Here, discovery is appropriate because a sufficient question has been raised as to the agencys good faith in it's (3) year delay in responding to plaintiff's initial FOIA request only after he iniated this Civil action. See the denial of the records-Exhibit # 1  -  March 16, 2007. see Shurberg Broadcasting of Hartford, Inc. v. FCC, 617 F.Supp. 825,832 (D.D.C.1985) (Court permitted discovery after recieving Vaughn affidavit and determining that there was genuine issue as to thoroughness of agencys search) Plaintiff initial FOIA request was for the statements of the complaining wittness' who are- (1)Terry Viand, (2) Mr. Ashcroft,[the two security gaurds] and (3) Mr. Craige Field and his wife. Plaintiff also requested any and all reports done on his personal coat worn by him on the day of his arrest, and which was taken into

evidence.

Conclusion.

For the foregoing, plaintiff respectfully request that his motion for Discovery or other fact-developement proceedures be granted.

ITEMS REQUESTED

1] FILM (FSN # B22-829) on coat and reports on coat with bullet hole.
2] Original statement of Mr. Terry Viands who was the security guard that was shot in the hand.
3] Original statement of Mr. Craige Field the driver of the car.
4] Original statement of Mr. Ascroft, who was the second security guard.
Plaintiff request alternatively that the Court hold in camera review of these few paper and photograghs, or appoint amicus curai. Appointment of amicus is appropriate in a case such as this.

DATE April 28st 2007

_____
(Sincerally)

_END-

## CERTIFICATE OF SERVICE

I, Melvin E. Thomas, due hereby certify that I have mailed a true copy of the Motion for Discovery or Other Fact-Developement Proceedures to Megan L. Rose, Assistant United States Attorney at The Juduciary Center Building-Civil Division, 555 4th Street NW Washington, D.C. 20530 on this 20th day of April 2007

DATE April 25th 2007

MELVIN E. THOMAS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN E. THOMAS             *        CIVIL NO: 1:06-cv-1994
                                              [RMC]
v.                           *

UNITED STATES DEP'T
OF JUSTICE, et al.           *

PLAINTIFF MELVIN E. THOMAS RULE 108(H)-107(H)
STATEMENT OF MATERIAL FACTS IN DISPUTE

Plaintiff, Melvin E. Thomas, proceeding in this matter pro-se, respectfully submits that statements of material fact are in dispute, and he shows this by the motion under Fed. R. Civ. P. 56(e) and Local Rule-108(H) and 107(H).

[1] Plaintiffs personal property, a green trench coat contains a bullet hole on the inside of the coats pocket.

[2] Terry Viands, the witness who was shot in the hand with the bullet that put the hole in the pocket can veryfy this with his statement of how he was in fact shot.

[3] That Mr. Viands was shot only because he was pulling on the gun an yancking downward on the outside of the coats pocket during the struggle.

[4] That defendants refusal to release the statement and the reports on the personal prperty of plaintiff is in "bad faith".

[5] That defendants refusal to release redacted and segregated portions of the reports on the wittness' statements telling how Mr, Viands was shot in the hand is also in "bad faith".

[6] Mr. Terry Viands is personally familiar with the events that took place

place on the 27th of December 1989, that form the basis of this complaint.

[7] Detective Goodridge in cooperation with Hiedi Pasichow actively participated in perjury and fraud on the court with the effect of intentionally decieving the Court and the Grand Jury.

[8] Det. Goodridge and Hiedi Pasichow actively withheld exculpatory evidence.

[9] Hiedi Pasichow provided false reports on the offence to the Court, and also to counsel for the defence and withheld the fact that the coat contained a bullet hole in the inside coat pocket which was the exit of the bullet that struck Mr. Terry Viands during the struggle.

[10] Hiedi Pasichow was reponsible for overseeing and investigating this case.

[11] That plaintiff, Melvin E. Thoams, did not shoot Terry Viands, and that Mr. Viands was only shot because he pulled on the gun from the out side of the coat pocket.

[12] That his statement would prove that plaintiff did not shoot him.

[13] That the reports done on the coat plaintiff wore will show that a bullet traveled from the inside of the coat pocket exiting the garment, striking Mr. Viands in the hand.

[14] Mr. Viands statement will prove that plaintiff did not-"pull a loaded five shot .38 cal. weapon from his waistband area and fire one shot, that did not take effect, and thenfire another shot that struck Mr. Viands in the hand", as the prosecution had claimed.

[15] That Plaintiff never requested any of the personal information of the witness statements, an will consent to a redacted or segregated portion of the statement as to how in fact Mr. Viands was shot.

[16] That there is no Privacy interest in the release of the reports on

plaintiff coat and noe FOIA exemption to preclude the release of the agency records and photograghs of the personal property of plaintiff eventhough it was used in law enforcement investigation. See National Archives and Records Administration v. Favish, 541 U.S. 124 S.CT. 1570 (2004).

[17] That Craige Field is personally familiar with the events that took place on 12-27-89, that form the basis for the complaint.

[18] That Hiedi Pasichow, the prsecuting attorney in the case, and detective Goodgrige both provided false statments to the Court, intentionally decieving the court. See Hiedi Pasichow proofer at rule (11) inquiry[Exhibit # 8], also see Detective Goodridge three diferent statements given on three diferent occaisions at the , [1] original complaint [2] the preventive detention hearing, and [3] the second original complaint.

[19] That plaintiff does not seek identifying information, nor, personal information of the witness'. Plaintiff only request the initial statements as to the events, [did Terry Viands say he was intentionally shot or not, with the second shot , or did he say he was shot during the struggle while the gun was still inside of plaintiff coat, while he was pulling on the gun from the outside of plaintiff coat pocket with the very first discharge of the gun] and did Craige Field say plaintiff ask for a ride or did he say that plaintiff put a gun to the back of his head and demanded he drive the car.

[20] That plaintiffs' coat could not have been taken from him and should have been returned and he has been given the run around for 18 years.

[21] that at least the defendant should release the reports on the c coat, and the photograghs.

[22] That Hiedi Pasichow and Detective Goodridge withheld the fact that Mr. Viands was shot accidentally with the very first bullet discharged and while the gun was still inside of plaintiff coat pocket, and that plaintiff did get inside of Mr. Field car, and although I did have a gun still have the gun in my hand, I never pointed it at the back of Mr. Fields head, and instead I only asked for a ride.

[23] That there is no justification to continue to withhold exculpatory evidence, (18) years have passed, surely it is enough time for the truth to be told.

[24] Plaintiff does not seek revenge as the defndants constantly imply, all I seek is justice, in what ever form the Court chooses to administer it, I can apolologize to all the people involed, Mr. Viands, Mr. Field the people who were hurt physically and mentally, but can Hiedi Pasichow and Detective Goodridge apologize to me, no. They would rather take there secret to the grave.

[25] That Defendants are actively suppressing and withholding records because of the fact that disclosure of the certain records requested will prove that Mr. Viands was shot accidentally with the very first shot fired while the gun was still located inside of plaintiff coat, and that Mr. Field did not say that plaintiff put a gun to the back of his head.

PLAINTIFF DISPUTES THE DEFENDANTS 108(H) STATEMENTS<br>OF MATERIAL FACTS DEFENDANTS CLAIM ARE NOT IN DISPUTE

[26] Plaintiff does not dispute (3)(4)(5)(6(7)(8)(9)(10)(11).

[27] The EOUA search and disclosure determination(#12), becuase on information and belief-it would not take a total of three years to due a computer case tracking-RCIS(D.C. Superior Court Data Base) and CFITS (Closed Case Files Data Base).

to determine all possible locations of the requested records. Defendants claim after completeing the computer search to detemine all locations of records, the FOIA contact obtained the criminal file and forwarded it to EOUAS for processing. Plaintiff dispute the scenario described by Defendants. Because this search would not have taken "three" years to complete. The three year dely in repsonding proves that the search was either inadequate or done in "bad faith".

[c]            PLAINTIFF DISPUTES THE JUSTIFICATION
             FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

[28] (#13)-There is no privacy interest in releasing statements made by Terry Viands as to what bullet struck him and how, nor in Craiag Fields Statement as to whether or not plaintiff put a gun to the back of his head. There is no privacy interest in disclosing reports/photos of plaintiff personal coat as to whether or not it contained a bullet hole on the inside pocket or not.

[29] (#14)- Stateing no raeson for non-disclosure other than the request were compiled for law inconnection with a criminal investigation. This is vaughe and too broad.

[3(         EXEMPTION 5 U.S.C. § 552(b)(7)9C)-PLAINTIFF DISPUTES
              THIS EXEMPTION AS UNWARRENTED AND MISPLACED TO HIS REQUEST

[30] (#15) and (#16)- Plaintiff request is plainly and squarly covering specific statements made by specific individuals and specific reports done on his coat, thereby relieving Defendant of any suspicion and or concern that the request seeks personal identitys or other personal information. Plaintiff is aware of the identitys of the witness'. Plain-request the entire file be turned over because of the defandants "blat-ent" three year refusal to anwser plaintiff request. But the records he requested are really all that plaintiff seeks.

[31] (#17) and (#18)- This exemption is misapplied and plaintiff dispute

that the information he seeks is intertwined to the point that it can not be segragated or redacted.

[32] (#19)-Plaintiff asserts that because the information requested does not involve a properly invoked exemption this reason falls short of it's mark. THE PUBLIC INTEREST IN THIS matter would best be weighed in the balance against any so-called privacy interest, because the public should be aware of situations when it's officials commit "fraud on the Court" diminishing the very integrity of the judicial sysytem. The public should be made aware when it's official lie under oath to conceal the truth, and when those officials removed the true facts and replaced them with false versions causing the conviction of a incompetent citizen who is still in prison as a result of these officials actions. Those actions undermined plaintiff's defence and the confidence in the outcome of his trial, so he pleaded guilty. This fundamental defect inherently resulted in a "complete miscarriage of justice". See U.S. v. Argurs, 427 US 97 103 96 S.CT. 2392,2397 49 LEd 2d 342(1976).

[33] (#20)-Plaintiff dispute's in part.

[34] (#21)- Plaintiff did not provide written authorization, or consent

[35] (#22)-because he seeks public records such as statements to police on 12-27-89 which would be in any police report- and pliintiff seeks a reports done on his coat. Therefor there is no personal privacy interest and no invasion of personal privacy, and because these statements were given to news media and news paper reporters and printed in the Washington Post.

[36] (#23)- In dispute Exemption 5 USC § 552(b)(6)

(#24)(#25)(#26)-The exemption is misapplied because plaintiff did not request personal, medical or simular files which would include personal information such as social security number, address' or telephone

numbers and or other highly personal information.

[37] (#27)(#28)- This is also misapplied, and plaintiff request covered only the statements of Terry Viands and Craige Field and any reports on his personal coat. Plaintiff did not seek anyones identity nor any confidential source' information or identity.

[38] (#29)- Plaintiff was not investigated for armed robbery, and in fact was investigated for "shoplifting". And again, once Plaintiff had narrowed his request down to TWO statements and reports on his coat. No other information was requested- and plaintiff had never requested any informants information such that exemption(6)(7)(d) Or (b)(7)(C) and (b)(7)(F) could be invoked,

[39] (#30)   AS APPLIED TO LAW ENFORCEMENT SOURCE

Plaintiff made specific request for certain records, if this report was given by either MR. Viands or Mr. Fields then plaintiff disputes the withholding under(7)(D)( and (7)(C) and (7)(F).

[40] (#31) - This exemption (7)(F) permitts the withholding of records or information compiled for law enforcement purrposes if the release could reasonably be expected to edanger the life or physical safety of a an individual. Againm this exemption is misapplied because plaintiff re requset was specific and covered only two named witness directly involved in the incident an reports on his personal coat.

[41] (#32)      SEGREGABILITY

Plaintiff disputes the segregability claim that none of the records could be released without destroying the integrity of the document or without identifying a third party or information provided with an understanding of confidentiality.

For the foregoing, Plaintiff shows that there are Material Matters in Dispute requering this Court to deny Defendants Motion for Summary

Judgement.

Under the penalties of perjury submitted by Melvin E. Thomas.

DATE *April 20th, 2007*                                    Sincerally

                                                    *Melvin E. Thomas*

Case 1:06-cv-01994-RMC    Document 15    Filed 04/27/2007    Page 13 of 15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN E. THOMAS, | * | CIVIL ACTION 06-cv-1994(RMC) |
|  | * |  |
| vs. | * | VERIFICATION |
| UNITED STATES |  |  |
| DEP'T OF JUSTICE, et al. | * |  |

I, Melvin E. Thomas, have submitted this verification under the penalties of perjury, and I now declare that:

I have type the papers herein and am familiar with thier content because of my first hand knowledge of the truth as it relates to this ation and the prior criminal case F14491-89. The information that I now present is true and I have also submitted two affidavit and one from co-defendant Desiree Pitts. This places the defendants theory that there is a privacy interest exempting the records that are in question from disclosure in serious doubt, because plaintiff has submitted evidence sufficient under National Archives and Record Administartion v. Favish, 541 U.S. 124 S.CT. 1570(2004) to establish that the public interest outweighs any protected privacy interest in agency records of my personal property and of the statements of the two named witness' so that plaintiff can show in another matter that his Constitutional Rights were violated by the very officials who are in control of the records now. Plaintiffs papers are true herein.

I, Melvin E. Thomas declare under the penalties of perjury.
EXECUTED ON ___April___, ___20th___, ___2007___
DATE _April 20th, 2007_

                                        SINCERALLY,
                                        _Melvin E. Thomas_
                                        MELVIN E. THOMAS

VERIFICATION.

                              -END-