UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN E. THOMAS, *pro se*<br>#03584-000 / USP - Terre Haute<br><br>                         Plaintiff,<br>v.<br><br>THE EXECUTIVE OFFICE OF UNITED<br>   STATES ATTORNEYS<br>600 E Street, N.W. - Room 7300<br>Washington, D.C.  20530<br><br>                         Defendant. | Civil Action No.  06-1994 (RMC) |

## **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the complaint as the Executive Office of the United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits this Reply in support of Defendant's Motion For Summary Judgment.

## **INTRODUCTION**

Plaintiff, a *pro se* federal prisoner, brought this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA requests by EOUSA.  See Compl., Docket Entry No. 1; see also Def. Motion, Docket Entry No. 13.  Through a series of variously dated request letters, Plaintiff sought records pertaining to his prosecution in *U.S. v. Melvin Thomas*, *F-14491-89*, *D.C. Superior Court*.  Specifically, Plaintiff sought "statements made to investigating officers or detectives" by "witnesses" in connection with the above case and his arrest on December 27, 1989.  He identified by name three third-party individuals, but he did not limit his request to those individuals.  In addition, Plaintiff

sought "ballistic reports" on his coat. See id.; Decl. ¶ 6 and Exhibit A.

On March 26, 2007, Defendant moved for summary judgment. Docket Entry No. 13, Def. Motion. On April 27, 2007, Plaintiff responded to Defendant's Motion and filed his Opposition and a Motion For Discovery. See Docket Entries No. 15, 16. Nothing in Plaintiff's Opposition, however, disputes the arguments set forth in Defendant's Motion For Summary Judgment, nor does it remedy Plaintiff's failure to raise a genuine issue of material fact concerning the propriety of Defendant's actions in this FOIA case. Plaintiff fails to dispute adequately Defendant's Statement of Material Facts Not In Genuine Dispute and, instead, makes irrelevant assertions concerning the investigation and prosecution of him for assault with intent to kill another person, assault with a dangerous weapon (two counts), intent to kidnap another, carrying a concealed weapon without a license. See Docket Entry No. 13, Decl. ¶ 18. Plaintiff speculates that Defendant has withheld information from him in "bad faith" because "if the defendants release any of the requested records, at all, his innocence will immediately be shown, and so will the facts that the government allowed this case to rest on fraud on the court and perjury, all committed by it'[]s witness[']." Pl. Opp. at 3. Because Plaintiff's Opposition fails to support his claims in this civil action and fails to meet his burden of showing that there are genuinely disputed issues of material fact sufficient to survive Defendant's Motion For Summary Judgment, Plaintiff's claims should be dismissed and summary judgment for Defendant granted. See Fed. R. Civ. P. 56(c).

**ARGUMENT**

Plaintiff cannot show that Defendant improperly withheld any agency records. See 5 U.S.C. § 552(a)(4)(B); see also United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142

(1989)(quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980))(a plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'")   Defendant conducted reasonable searches and properly invoked and justified its reliance on the Privacy Act and FOIA Exemptions 6, 7(C), 7(D), and 7(F).  For the reasons set forth below and in Defendant's Motion For Summary Judgment, summary judgment for Defendant should be granted.

I.      **Plaintiff's Burden In Opposing Summary Judgment**

A party may defeat a properly supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment).  If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. 249-50 (internal citations omitted).  The non-movant may not manufacture genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations" or "unsubstantiated assertions." Little v. Liquid Air Corp., 37 F.3d

1069, 1075 (5th Cir. 1994). See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir.1993).

In this case, Plaintiff has failed to meet his burden in opposing Defendant's Motion For Summary Judgment, and the Court should grant summary judgment for Defendant. See Fed. R. Civ. P. 56.

## II.   Defendant Satisfied Its Obligations Under The FOIA.

As demonstrated by the declaration of John F. Boseker, Attorney Advisor, FOIA/Privacy Staff, EOUSA, Defendant conducted reasonable searches and properly invoked and justified its reliance on the Privacy Act and FOIA Exemptions 6, 7(C), 7(D), and 7(F) when it released to Plaintiff all reasonably segregable information that was not exempt from public disclosure by law and that would not violate the personal privacy of third parties. Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

### A.   Defendant Conducted An Adequate Search Under The FOIA.

Defendant met its burden to establish that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). The Boseker Declaration and attached exhibits, accompanying Defendant's Motion For Summary Judgment, describe EOUSA's searches in detail and establish that Defendant made a good faith effort to

conduct adequate searches for the requested records. See, e.g., id.; Decl. ¶¶ 18, 19, Exh. A-H. Defendant reasonably searched those systems in which it believed responsive records were likely to be located. See id.; Ogelsby, 920 F.2d at 68.

As previously described in Defendant's motion, the records requested by Plaintiff are related to the criminal case file ***U.S. v. Melvin Thomas, Criminal Case No. F-14491-89***, which is maintained in the Superior Court Division Criminal Cases (Justice/USA-013). See Compl. at i; Decl. ¶ 11. Because Plaintiff's request specifically identified his criminal prosecution in the District of Columbia, EOUSA properly determined that any responsive records would be located in the USAO/DC Superior Court Criminal Division. Decl. ¶¶ 18-19; see also Decl. ¶ 21. Accordingly, the USAO/DC FOIA contact conducted a systematic search for records using the computer case tracking systems, RCIS (D.C. Superior Court database) and CFITS (closed case files database). Decl. ¶ 19. The FOIA contact searched the databases using Plaintiff's full name, and where available as a field, the criminal case number that he provided (i.e., F-14491-89). After completing the computer search to determine all possible locations within the office, the FOIA contact obtained the criminal case file and forwarded the contents to EOUSA for processing. Id.

Plaintiff's Opposition disputes the adequacy of Defendant's search because it did not produce documents related to a "coat worn by plaintiff." Pl. Opp. at 4. The search standards under the FOIA, however, do not place upon the agency a requirement that it prove that all responsive documents have been located. Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d 1378, 1383 (8th Cir.

5

1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973). Moreover, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993). Indeed, the fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). That "no reports on the coat" were discovered or released to Plaintiff fails to dispute Defendant's adequate search for responsive documents.

Plaintiff's assertion that Defendant's affidavit was submitted in "bad faith" is based only upon his speculation that he is wrongly "incarcerated in violation of the U.S. Constitution," and that the information he seeks will show that "the prosecuting unit participated in fraud on the court." Pl. Opp. at 7, 9-10. Yet it is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney v. Department of Justice, 19 F.3d 807, 813 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994); SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d at 559-560. Because all places reasonably likely to contain responsive documents were searched, Defendant acted in good faith and met its obligations under the FOIA. See Decl. ¶¶ 18-21.

    **B.    Defendant Properly Applied FOIA and PA Exemptions and Partially or Fully Withheld Certain Information.**

Plaintiff's Opposition fails to address adequately all of the arguments raised by Defendant's Motion. See Pl. Opp. In addressing the exemptions raised by Defendant, Plaintiff

argues only that he "has a public interest in the release of the records sought." Pl. Opp. at 7.

First, it is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002). Thus, many of Defendant's arguments concerning the application of various FOIA exemptions are unopposed, and this case should be dismissed.[1] See, e.g., Stephenson v. Cox, 223 F. Supp.2d at 121 ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."). Additionally, Plaintiff's broad conclusions that there must be non-exempt information that can be segregated and released fail to create a genuine issue of material fact sufficient to survive Defendant's Motion For Summary Judgment. See Pl. Opp. at 18; Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987)("A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment).

Second, Plaintiff's focus on the "public interest" in this case is misplaced. See Pl. Opp. at 7-16. Plaintiff's Opposition fails to dispute that any information responsive to Plaintiff's

---

[1] Notably, Plaintiff fails to even address the application of Exemption 7(F), which requires no balancing of interests and protects from disclosure information compiled for law enforcement purposes if disclosure would reasonably be expected to endanger the life or physical safety of any individual. 5 U.S.C. § 552(b)(7)(F).

request, if in existence at all, meets the threshold requirement of "being compiled for law enforcement purposes" under Exemption 7. See id.; 5 U.S.C. § 552(b)(7); Decl. ¶¶ 6-8, Exh. A-C (containing Plaintiff's various requests for "statements made to investigating officers or detectives" by "witnesses" in connection with his arrest on December 27, 1989 and requests for reports on the coat he was wearing at the time of his arrest).

In interpreting Exemption 7(C) and Exemption 6, courts employ a balancing test, weighing the privacy interests of the affected individuals against the public interest in disclosure of the information. See, e.g., Oguaju v. United States, 288 F.3d 448 (D.C. Cir. 2002), *judgment vacated sub nom,* Oguaju v. U.S. Marshals Service, 542 U.S. 970 (2004), *judgment reinstated,* Ogauju v. United States, 378 F.3d 1115, (D.C. Cir. August 17, 2004), modified 386 F.3d 273 (D.C. Cir. 2004); Horowitz v. Peace Corps, 428 F.3d 271, 278 (D.C. Cir. 2005); Department of Air Force v. Rose, 425 U.S. 352, 372 (1976). When privacy concerns are present, the person requesting the information must establish a sufficient reason for the disclosure. National Archives and Records Admin. v. Favish, 541 U.S. 157, 172 (2004). The requestor must show that the public interest sought to be advanced is a significant one, and that the requested information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted. Id. at 172-73.

In this case, Plaintiff contends that because witnesses "gave newspaper and tel[e]vision interviews on the events in question, they have waived any privacy interest they may have initially had." Pl. Opp. at 26. The fact that there might have been prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. See Favish, 541 U.S. at 171; Kimberlin v. Dep' t of Justice, 139 F.3d 944, 949

(D.C. Cir.), cert. denied, 525 U.S. 891 (1998); Edmonds v. FBI, 272 F.Supp.2d 35, 53 (D.D.C. 2000).

More importantly, Plaintiff fails to establish any valid public interest in release of the information. Plaintiff contends that he "has a public interest in the requested records as they can prove his innocence and that he is incarcerated in violation of the U.S. Constitution, and that the prosecuting unit participated in fraud on the court, committed perjury and withheld exculpatory evidence." Pl. Opp. at 7. Although, as Plaintiff argues, the FOIA's central purpose is "to open agency action to the light of public scrutiny," see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 772 (1989), courts have consistently refused to recognize any public interest under the FOIA in disclosure of information to assist a prisoner in challenging his conviction. See, e.g., Oguaju, 288 F.3d at 450 (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest"); Neely, 208 F.3d 461, 464 (4th Cir. 2000)(ruling that requester's wish to establish his own innocence does not create FOIA-recognized public interest); Landano v. U.S. Dep't of Justice, 956 F.2d 422, 430 (3d Cir. 1991)(finding no public interest in disclosure of identities of individuals involved in murder investigation because such release would not shed light on how FBI fulfills its responsibilities), cert. denied on Exemption 7(C) grounds, 506 U.S. 868 (1992), rev'd & remanded on other grounds, 508 U.S. 165 (1993); Thomas v. Office of the United States Attorney, 928 F.Supp. 245, 251 (E.D.N.Y. 1996)(a prisoner's personal interest in information to challenge his conviction does not raise a FOIA-recognized interest that should be weighed against a privacy interest). Therefore, Plaintiff fails to assert any recognized "public interest" in the information sought, Pl. Opp. at 7-16, and summary judgment for Defendant is

9

appropriate. National Ass'n of Retired Federal Employees v. Horner, 879 F.2d 873, 879 (D.C. Cir. 1989) ("NARFE")(if no valid public interest in release exists, the information necessarily should be protected because "something, even a modest privacy interest, outweighs nothing every time."); see also Horowitz, 428 F.3d at 278.

## CONCLUSION

For all of the foregoing reasons and the reasons stated in Defendant's Motion For Summary Judgment, Defendant respectfully requests that the Court grant summary judgment for Defendant. See Fed. R. Civ. P. 56(c).

Dated: May 23, 2007.

                                        Respectfully submitted,

                                        _/s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

                                        _/s/_____
                                        RUDOLPH CONTRERAS, DC Bar # 434122
                                        Assistant United States Attorney

                                        _/s/_____
                                        MEGAN L. ROSE, NC Bar # 28639
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 Fourth Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 514-7220

**CERTIFICATE OF SERVICE**

I certify that the foregoing **Reply In Support Of Motion For Summary Judgment** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

>MELVIN E. THOMAS
>#03584-00
>USP - Terre Haute
>P.O. Box 12015
>Terre Haute, IN 47801

on this  23rd  day of May, 2007.

_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530