## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELVIN E. THOMAS, *pro se* | ) | |
| #03584-000 / USP - Terre Haute | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  06-1994 (RMC) |
| | ) | |
| THE EXECUTIVE OFFICE OF UNITED | ) | |
| STATES ATTORNEYS | ) | |
| 600 E Street, N.W. - Room 7300 | ) | |
| Washington, D.C.   20530 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY

Defendant, identified in the complaint as the Executive Office of the United States

Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), hereby

opposes Plaintiff's motion for discovery, which is fundamentally flawed for at least two reasons.

First, this is a FOIA case wherein defendant is entitled to provide a Vaughn Index and supporting

declaration, together with a motion for summary judgment prior to any discovery relating to the

documents at issue and the scope of the search.  Defendant's dispositive motion is currently

pending before the Court.  Second, even if discovery were appropriate, the FOIA does not permit

a plaintiff to propound discovery seeking the very documents at issue in the FOIA request.

Plaintiff, *pro se*, brought this civil action pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, with regard to the processing of Plaintiff's FOIA requests by EOUSA.

See Compl.  Plaintiff requested from EOUSA records pertaining to his prosecution in  *U.S. v.*

*Melvin Thomas*, *F-14491-89*, *D.C. Superior Court*.  Specifically, Plaintiff sought "statements

made to investigating officers or detectives" by "witnesses" in connection with the above case

and his arrest on December 27, 1989.  He identified by name three third-party individuals, but he did not limit his request to those individuals.  In addition, Mr. Thomas sought "ballistic reports" on his coat.  <u>See</u> Document No. 13, Def. Motion For Summary Judgment, Boseker Decl. ¶ 6 and Exhibit A.

On March 26, 2007, Defendant moved for summary judgment.  <u>See</u> Document No. 13, Def. Motion For Summary Judgment.  Plaintiff opposed Defendant's motion and simultaneously filed a motion for discovery seeking "FILM (FSN # B22-829) on coat and reports on coat with bullet hole," and of several original witness statements.  <u>See</u> Document Nos. 15, 16.

## ARGUMENT

In the instant FOIA action, Defendant is entitled to provide a <u>Vaughn</u> Index and supporting declaration, together with a motion for summary judgment, and only if the Court determines that those submissions are inadequate, may Plaintiff seek discovery.  Moreover, even if discovery were appropriate in this FOIA action, which it is not, the FOIA does not permit a plaintiff to discover the very documents at issue in the FOIA request.  Therefore, for all of these reasons, the Court should deny Plaintiff's motion for discovery in this case.

**I.    Plaintiff's Motion Is Inconsistent With The Very Narrow Parameters Of Discovery Allowed In FOIA Cases.**

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  <u>See</u> Fed. R. Civ. P. 26(c); <u>see</u>, <u>e.g.</u>, <u>Brennan v. Local Union No. 639</u>, 494 F.2d 1092, 1100 (D.C. Cir. 1974); <u>Brune v. IRS</u>, 861 F.2d 1284, 1288 (D.C. Cir. 1988); <u>Gallella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir. 1973).  Such an order may provide, *inter alia*, that discovery not be had, that it be

delayed, or that it be had only by a method other than that selected by the asking party.  Fed. R.

Civ. P. 26(c)(1)-(3).  Given this broad discretion, the Court "should not hesitate to exercise

appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979);

accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C.

Cir. 1984).

      "Discovery is to be sparingly granted in FOIA actions." Public Citizen Health Research

Group v. Food & Drug Admin., 997 F. Supp. 56, 72 (D.D.C. 1998); Butler v. Department of

Treasury, No. 95-1931(GK), 1997 WL 138720, at *1, n.2 (D.D.C. Jan. 14, 1997) ("The Court

sees no justification for granting discovery in this rather straight-forward FOIA case."); Code v.

FBI, No. 95-1892 (RMU), 1997 WL 150070 at * 8 (D.D.C. Mar. 26, 1997) (noting that discovery

"is not often part of the litigation process in FOIA actions"); Key v. Attorney General of U.S.,

No. 94-0916 (GK), 1994 WL 775443, at *3 (D.D.C. Dec. 23, 1994) ("Discovery in FOIA

lawsuits, if available at all, is limited."). See also Local Civil Rule 16, Cmt. 16.3(b) ("We have

included Freedom of Information Act action to this list, as item number (9) because they are

actions that typically do not require discovery.").

      Generally, discovery is limited to investigating the scope of an agency's search for

responsive records, its indexing procedures, and other similar aspects of the agency's

administrative FOIA process after the agency moves to dismiss the case and files an appropriate

Vaughn Index.  See, e.g., Safecard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991).  See

also Broaddrick v. Executive Office of President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001) (FOIA

plaintiffs are generally not entitled to conduct discovery into the adequacy of an agency's search

when the court is satisfied that the agency's affidavits are sufficient.).  Here, none of the

discovery sought by Plaintiff relates to issues under the FOIA which may properly be the subject of discovery.  Plaintiff is simply attempting to use discovery to obtain the very documents that are the subject of his FOIA requests at issue in this case.

In FOIA cases, the government has the opportunity and bears the burden of proving that its response to the requester is supported by the FOIA. See 5 U.S.C. 552(a)(4)(B) ("the burden is on the agency to sustain its action").  To meet its burden of establishing that it has met the requirements of FOIA in a response to a request, the government may rely on affidavits submitted by its officials, and "[i]f the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish [compliance with the requirements of FOIA], the district court need look no further." Lewis v. I.R.S., 823 F.2d 375, 378 (9th Cir. 1987) (citations omitted); see also Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980) (district court may deny discovery and award summary judgment based on government's "relatively detailed" affidavits alone).

"Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden. . . . [A]ccordingly, discovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may 'forgo discovery and award summary judgment on the basis of affidavits.' . . . In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . ." Carney v. DOJ, 19 F.3d 807, 812 (2nd Cir.) cert. denied, 513 U.S. 823 (1994); see also Kay v. Federal Communication Comm'n, 976 F. Supp. 23, 34, n.35 (D.D.C. 1997) ("discovery should be denied [in a FOIA case]

if the district court determines that plaintiff merely desires discovery as a means of finding

'something that might impugn the affidavits' submitted by the agency.").

If the Court finds the agency's <u>Vaughn</u> Index and any related declarations unpersuasive,

that will be the proper time to determine what discovery, if any, is appropriate.  Thus, plaintiff's

request for discovery in this matter now is both premature and inappropriate, and his request

should be denied.

**II.    Plaintiff's Motion For Discovery Of The Very Documents At Issue Is Inappropriate.**

Discovery in a FOIA case that would provide "information . . . for which [plaintiff] filed

the FOIA request" should be denied.  <u>Schiller v. INS</u>, 205 F. Supp. 2d 648, 654 (W.D. Tex.

2002); <u>Pub. Citizen Health Research Group v. FDA</u>, 997 F. Supp. 56, 73 (D.D.C. 1998), <u>aff'd in

part, rev'd in part, and remanded</u>, 185 F.3d 898 (D.C. Cir. 1999); <u>Katzman v. Freeh</u>, 926 F. Supp

316, 319 (E.D.N.Y. 1996).  Plaintiff acknowledges that his motion for discovery goes directly to

the information to which he filed his FOIA requests: "The fact developement [sic] procedures

[sic] requested may be the only available means left to prove these allegations because of the

defendants have refused to release the requested documents for the last (3) years . . . There is no

exemption to bar the release of the reports and photo of plaintiff['s] coat he had on when

arrested."  Pl. Motion at 2, Document No. 15.

Plaintiff ignores the clear rule that FOIA discovery seeking the very documents at issue is

inappropriate.  Instead of addressing the rule and attempting to show its inapplicability to this

case, he merely restates his FOIA request for specific items that he believes should be in

Defendant's possession.  <u>See</u> Pl. Motion at 4.  Accordingly, Plaintiff's motion for discovery of

"FILM (FSN # B22-829) on coat and reports on coat with bullet hole," and of several original

witness statements, should be denied.  Id.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court deny

Plaintiff's Motion For Discovery.


Dated:  May 23, 2007

                                         Respectfully submitted,


                                          _/s/_____
                                          JEFFREY A. TAYLOR, D.C. Bar # 498610
                                          United States Attorney


                                          _/s/_____
                                          RUDOLPH CONTRERAS, DC Bar # 434122
                                          Assistant United States Attorney


                                          _/s/_____
                                          MEGAN L. ROSE, NC Bar # 28639
                                          Assistant United States Attorney
                                          Judiciary Center Building
                                          555 4th St., N.W.
                                          Washington, D.C.  20530
                                          (202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Opposition to Plaintiff's Motion For Discovery** was served

upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed

to:

MELVIN E. THOMAS
#03584-00
USP - Terre Haute
P.O. Box 12015
Terre Haute, IN 47801

on this __23rd__ day of May, 2007.

_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building - Civil Division
555 4th Street, NW
Washington, D.C. 20530

7